**Cheryl Lynn McPHERSON, Appellant,**

v.

**Jack Hayes TOWNSEND, Appellee.**

**No. A2264.**

Court of Civil Appeals of Texas, Houston (14th Dist.)

Jan. 30, 1980.

Maurice Bresenhan, Jr., Marcia J. McCarron, Bresenhan, Martin & Wingate, Houston, for appellant.

William C. Rice, Jr., Rice, Buzbee & Kleiber, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

MILLER, Justice.

When appellant, Cheryl Lynn Townsend McPherson, and appellee, Jack Hayes Townsend, were divorced on September 19, 1978, appellee was ordered to pay $55.00 per week to appellant for support of their minor child. By April 11, 1979, appellee was $1,760.00 in arrears in these payments at which time the appellant filed her "Motion for Contempt and Motion to Reduce Unpaid Support to Judgment." By the date of the trial appellee had failed to pay an additional $220.00 in child support.

The court, on June 27, adjudged the appellee in contempt, sentenced him to be confined in jail, suspended the enforcement conditioned on his paying $1,000.00 plus $250.00 attorney's fees by July 1, but denied the motion to reduce to judgment. Appellant appeals this denial. We reverse and render that part of the judgment.

Appellee, a car salesman, was unemployed at the date of the trial, but had accepted a position in Dallas to begin the following week at a salary of $3,000.00 per month. He testified that he and his former wife together have an equity in Tyler real estate of the reasonable value of $80,000.00. If his arrearages were reduced to judgment, that judgment would be collectable.

Appellee also testified that he had, without consideration, conveyed improved real estate to his mother after his divorce from appellant.

Findings of fact and conclusions of law were not requested in the case.

Tex.Fam.Code Ann. § 14.09 (Vernon 1975) provides, in part, as follows:

(a) Any order of the court may be enforced by contempt.

(b) A court may enforce an order for support as provided in Rule 308A of the Texas Rule of Civil Procedure or any subsequent version of the rule promulgated by the supreme court.

(c) On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgments for debts.

This section of the family code gives the court discretion and flexibility in enforcing the payment of child support obligations. The remedies provided are intended to "op-

erate independently of each other as well as concurrently. . . . There are many instances where one of the remedies provided for by the Statute would be fruitless, but where the child support or a part thereof could be collected by means of the other remedy." *Harrison v. Cox*, 524 S.W.2d 387, 392–93 (Tex.Civ.App.–Fort Worth 1975, writ ref'd n.r.e.).

Such discretion is vested in the court in order to facilitate compliance with its judgment. Appellant has shown a failure to comply with the support provision of the divorce decree; appellee has introduced no reason that the arrearages should not be reduced to judgment; the statute confers power in the court to apply the remedy requested. It is an abuse of discretion for the court to deny the request. *Block v. Waters*, 564 S.W.2d 113 (Tex.Civ.App.– Beaumont 1978, no writ).

That part of the judgment of the trial court which denies reduction of the support arrearage to judgment is reversed and judgment rendered that the appellant have judgment of $1,980.00 for unpaid child support against the appellee, together with interest thereon at the rate of 9% per annum from June 27, 1979. This amount shall be reduced by payment, if any, on the arrearages since June 27, 1979. The balance of the judgment is affirmed.