**Suzanne K. KOETHER, Relator,**

v.

**Honorable James E. MORGAN, Judge, 220th District Court, Hamilton County, Texas, Respondent.**

**No. 10–90–024–CV.**

Court of Appeals of Texas, Waco.

March 29, 1990.

---

**2.** Ch. 91, sec. 2, 1973 Tex.Gen.Laws 205, 206, *amended by* ch. 291, sec. 117, 1981 Tex.Gen. Laws 761, 810.

John C. Augustine, Saegert, Augustine & Lynch, P.C., Austin, for relator.

Keith Woodley, Woodley & Dudley, Comanche, for respondent.

OPINION

MEANS, Justice.

This is an original mandamus proceeding brought by Relator Suzanne Koether against Respondent, the Honorable James E. Morgan, presiding judge of the 220th District Court, Hamilton County, Texas. Koether is seeking a writ of mandamus compelling Judge Morgan to vacate his order of November 9, 1989, denying Koether's motion to sever and her motion to transfer filed in cause 6730, styled, "IN THE INTEREST OF KRIS WAYNE KOETHER, KALVIN CLARK KOETHER, KIRK WILLIS KOETHER AND KIMBERLY SHANNON KOETHER, CHILDREN." Charles Koether, the natural father of the above-named children and a party to the motion to modify filed in the suit affecting the parent-child relationship out of which this mandamus action arose, is the real party in interest in this original proceeding.

Relator asserts that her uncontroverted affidavit accompanying her motion to transfer established her clear right to a judgment ordering the transfer of suit to Bastrop County as to the three children of whom she is managing conservator and who have resided with her in Bastrop County for more than six months prior to the filing of the motion to modify. *See* TEX. FAM.CODE ANN. 11.06(b) (Vernon 1986). She argues that Judge Morgan disregarded an affirmative duty imposed by law under section 11.06(b) of the Family Code to order the transfer based upon her uncontroverted affidavit establishing jurisdiction and venue in Bastrop County. Relator states she has no adequate remedy by appeal, as an order refusing to transfer the proceeding is not subject to interlocutory appeal. *See id.* at 11.06(i). We grant Relator's petition.

Relator and Charles Koether were divorced in June 1983, by a decree entered in the 220th District Court. In the decree, Suzanne Koether was named managing conservator of the couple's four natural children. By an order modifying prior order entered in December 1988, Charles Koether was appointed managing conserva-

tor of Kalvin Clark Koether. Suzanne Koether remained managing conservator of the other three children. On April 10, 1989, Relator filed in the 220th District Court a motion to modify in the suit affecting the parent-child relationship, seeking an increase in child support. At the same time, Relator also filed a motion to transfer the suit to Bastrop County accompanied by her supporting affidavit reflecting that she and the three children of whom she was managing conservator had established their residence in Bastrop County more than six months prior to the filing of the motion to modify. Charles Koether filed a general denial and a response opposing Relator's motion to transfer. Relator filed an amended motion to transfer on September 28, indicating that she sought the transfer of suit only as it affected the three children residing with her in Bastrop County. She also filed a supplemental motion requesting that the cause be severed as to the three children in her possession so that the mandatory provisions of section 11.06(b) of the Family Code could be properly implemented. Judge Morgan denied Relator's motion to transfer and motion to sever on November 9 following a hearing on November 7.

Relator maintains that the transfer of venue under the circumstances present in this case is mandatory pursuant to section 11.06 of the Texas Family Code, entitled "Transfer of Proceedings within the State." Section 11.06(b) provides:

> If a petition for further action concerning the child or a motion to modify or enforce a decree is filed in a court having continuing jurisdiction of the suit, on the timely motion of any party, the court shall transfer the proceeding to the county where venue is proper on the basis of either a supporting uncontroverted affidavit or after a hearing when a controverting affidavit contesting the venue has been filed. If the basis of the motion is that the child resides in another county, the court may deny the motion if it is shown that the child has resided in that county for less than six months at the time the proceeding is commenced. If the child resided in another county for six months or longer, the court *shall*

transfer the proceeding to that county. In computing the period of time during which the child has resided in that county, the court shall not require that the period of residence be continuous and uninterrupted but shall look to the child's principal residence during the said six-months period.

*Id.* at 11.06(b) (emphasis added).

Charles Koether did not file an affidavit controverting the facts as to residence of the three children in Relator's custody as established by her affidavit. Therefore, Relator contends that under section 11.-06(b), the trial court had no discretion as to whether to transfer the case. The controverting affidavit which was filed by Charles Koether only addressed the residence of the one child in his custody.

Relator further points to section 11.06(j) of the Family Code which impliedly recognizes that such a transfer of part of the case is appropriate. Section 11.06(j) states:

> (j) The court transferring a proceeding shall send to the proper court in the county to which the transfer is made the complete files in all matters affecting the child, certified copies of all entries in the minutes, and a certified copy of any decree of dissolution of marriage issued in a suit joined with the suit affecting the parent-child relationship. *The transferring court shall keep a copy of the transferred files. If the transferring court retains jurisdiction of another child who was the subject of the suit, the court shall send a copy of the complete files to the court to which the transfer is made and shall keep the original files.*

*Id.* at 11.06(j) (emphasis added).

Charles Koether argues for the rightness of his position as a matter of public policy: since the case is not transferable as to the one child of whom he is managing conservator in Hamilton County, the cause is not transferable as to any of the couple's children because it would be against the best interest of the children to divide or split them up for jurisdictional purposes. Koether contends that if the transfer is

allowed, the district court of Bastrop County would determine his visitation rights with those children and set amounts he must pay for child support and maintenance as well as determine all other matters with reference to those children. Yet, Koether continues, the district court of Hamilton County would make the same type of determinations as to the child residing with him in Hamilton County, including the visitation rights of Relator. Koether contends, for example, that if both courts followed the legislative guidelines for determining access and visitation, the four children would never be together on weekend visitation. He further points out that the law makes no provision for two district courts in this situation to confer and adjudicate matters concerning the children in a just and equitable manner.

 We find the question presented primarily one of legislative intent rather than one of public policy. Section 11.06(j) indicates on its face that the legislature specifically contemplated the wisdom and necessity of such a transfer as sought by Relator when custody of a couple's children is divided between the mother and father and one parent moves to another county with the children of whom that parent is managing conservator. The statute expressly makes allowance for the realities of a highly mobile society. The statute does *not* require that *all* the children who have been subject to a court of continuing, exclusive jurisdiction in a particular case must live in the county to which a transfer is being sought. We agree with Relator that transfer of a case to a county where a child has resided for more than six months is a mandatory, ministerial duty under the plain language of section 11.06(b) under the circumstances present in this case and that mandamus relief is available to compel the mandatory transfer. *See Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987). Moreover, the best interest of the three children as to whom the transfer is sought is served when matters pertaining to them can be litigated in the county where they permanently reside. *See* TEX.FAM.CODE ANN. 14.07(a) (Vernon 1986). We further find that severance of the cause as to the three

children whose residence in Bastrop County is uncontroverted was proper in order to implement the mandatory provisions of section 11.06(b).

We hold that the trial court violated a mandatory, ministerial duty imposed by law when it rendered its order denying the transfer and severance. Relator's petition is granted. We assume that Judge Morgan will set aside his order denying the motions to sever and transfer and enter an order severing and transferring the proceeding as to the three children who reside with Relator in Bastrop County. The writ of mandamus will issue only in the event the trial court fails to transfer the proceeding in accordance with this opinion.