97 S.W.3d 257 (2002)
In the Interest of T.J.L. and M.E.L.
No. 14-01-00547-CV.
Court of Appeals of Texas, Houston (14th Dist.).
December 31, 2002.
Rehearing Overruled January 30, 2003.
*259 Gillian Richards, Houston, for appellants.
Anne M. Cofer, Houston, for appellees.
Panel consists of Chief Justice BRISTER and Justices ANDERSON and FROST.

OPINION
KEM THOMPSON FROST, Justice.
Appellant Cynthia Anne Murray Langley challenges (1) the trial court's order denying her motion to transfer; (2) the trial court's order granting appellee Jimmy Don Langley's motion for enforcement; and (3) the trial court's order denying her motion for enforcement. We affirm in part, and reverse and remand in part.

*260 I. FACTUAL AND PROCEDURAL BACKGROUND
In January of 1996, Cynthia and Jimmy Langley were divorced in Brazos County and appointed joint-managing conservators of their three minor children. Cynthia was given the right to establish the residence of their younger daughter, M.E.L., and Jimmy was given the right to establish the residence of their son, T.J.L., as well as their older daughter. On July 26, 1999, Cynthia filed a petition to modify the parent-child relationship seeking to be appointed conservator with the right to establish the residence of both M.E.L. and T.J.L.[1] At the same time, she filed a motion to transfer jurisdiction over the children from Brazos County to Harris County on the grounds M.E.L. and T.J.L. had resided with her in Harris County during the preceding six months. In response, Jimmy filed an affidavit stating T.J.L. had resided with him in Brazos County since June 11, 1999. However, Jimmy did not file a controverting affidavit with respect to M.E.L.'s residence in Harris County.
On October 25, 2000, Jimmy filed a motion for enforcement of two portions of the divorce decree. First, he alleged Cynthia had failed to exchange M.E.L. for his periods of possession in the manner required by the decree. Second, he alleged Cynthia had failed to comply with the provisions for payment of the children's healthcare expenses and for processing insurance-claim forms. The decree orders Jimmy to provide healthcare insurance for the children. Cynthia must submit to Jimmy all bills and other documents reflecting any insured expense she incurred for the children within ten days after she receives them. Jimmy must then submit the expense to the insurance carrier within ten days. The decree further orders Jimmy and Cynthia to each pay half of the children's uninsured healthcare expenses. The party who incurred an uninsured expense must submit to the other party all bills and other documents reflecting the expense within ten days after that party receives them. The other party must then reimburse the paying party half of the expense within ten days.
On November 6, 2000, the trial court heard Cynthia's motion to transfer and Jimmy's motion for enforcement. At the beginning of the hearing, Cynthia nonsuited her motion to transfer and petition to modify as to T.J.L. only. The trial court stated on the record that it denied the motion to transfer as to M.E.L. and granted Jimmy's motion for enforcement.
On December 8, 2000, Cynthia filed another motion to transfer as to M.E.L. only and a motion to sever. At the same time, she filed a motion for enforcement of healthcare child support by reduction to judgment and contempt, and for clarification, alleging Jimmy had failed to pay his share of the children's uninsured healthcare expenses as required by the divorce decree.
On January 2, 2001, the trial court signed an order denying Cynthia's first motion to transfer. The record does not reflect a ruling on Cynthia's second motion to transfer, although the court signed the order denying her first motion after she filed the second motion.
On February 16, 2001, the trial court signed an order granting Jimmy's motion for enforcement. The court found that Cynthia was 100% responsible for paying all healthcare expenses she incurred on behalf of the children from January 5, 1996 through November 6, 2000, whether covered by insurance or not, because she failed to comply with the divorce-decree *261 provisions regarding payment and processing of healthcare expenses. In addition, the court changed the exchange location for Jimmy's possession of M.E.L. because Cynthia had not been exchanging M.E.L. at the required locations. Finally, the court ordered Cynthia to post a $2,500 bond to ensure her compliance with the parts of the decree regarding the new exchange location for M.E.L.
On February 16, 2001, the trial court also heard Cynthia's motion for enforcement. On March 12, 2001, the trial court signed an order denying Cynthia's motion for enforcement. This appeal followed.

II. ISSUES PRESENTED FOR REVIEW
Cynthia presents twelve issues for review. Her first eight issues challenge the February 16, 2001 order granting Jimmy's motion for enforcement:
(1) Did the trial court have jurisdiction to render the final order granting Jimmy's motion for enforcement on the issues concerning M.E.L.?
(2) Did Jimmy's motion for enforcement comply with the minimum pleading requirements of section 157.002 of the Texas Family Code?
(3) Must a motion for enforcement strictly comply with section 157.002 of the Texas Family Code to entitle the movant to take advantage of that section's special privilege of an expedited final hearing only ten days after service of the motion?
(4) Were the pleadings and the evidence sufficient to support the trial court's ruling that Cynthia "shall be responsible for 100% of all health care expenses incurred for the children whether covered by health insurance or not through and including services rendered from January 5, 1996 through November 6, 2000"?
(5) Was it within the trial court's discretion to hear evidence on and arrive at an amount of the uninsured medical reimbursement arrearages without pleadings for the enforcement and reduction of these to judgment, without notice to Cynthia that the amount of the arrearages was to be at issue at the hearing, and without notice of the amount of arrearages alleged by Jimmy?
(6) Does the trial court's finding that the actual amounts expended by Cynthia and Jimmy for uninsured health care expenses for the children were approximately equal for the period from January 5, 1996 through November 6, 2000, support the order that Cynthia be 100% responsible for all such expenses incurred, whether covered by insurance or not, during that period?
(7) Did the trial court have discretion to modify the time and place for picking up M.E.L., sua sponte and without pleadings or notice of hearing to Cynthia?
(8) By ordering that Cynthia be responsible for 100% of the medical expenses of the children not paid by insurance, did the trial court impermissibly modify the terms of the divorce decree while purporting to enforce it?
In her last four issues, Cynthia challenges the March 12, 2001 order denying her motion for enforcement:
(9) Did the trial court have jurisdiction to consider the claims pertaining to M.E.L. in the actions for modification and for enforcement filed on December 8, 2000?
(10) Was it within the trial court's discretion to deny Cynthia enforcement *262 of unreimbursed medical child-support amounts for which she had pleaded and which were incurred during the period November 6, 2000 through February 16, 2001, without holding a hearing for the receipt of evidence?
(11) Is the March 12, 2001 order void or voidable because it inaccurately reflects that a hearing was held for receipt of evidence, although this did not occur?
(12) As to Cynthia's motion for enforcement of unreimbursed medical expenses, did the trial court impermissibly reduce the amount of child support arrearage that Jimmy owed by failing to hold a hearing for the receipt of evidence as to expenses incurred from November 6, 2000 through February 16, 2001?

III. ANALYSIS
A. Does this court have jurisdiction over the trial court's order denying Cynthia's motion to transfer the proceedings regarding M.E.L. to Harris County?
Jimmy asserts this court does not have appellate jurisdiction to review the trial court's order denying Cynthia's motion to transfer the proceedings regarding M.E.L. to Harris County. He contends Cynthia failed to perfect appeal of the order denying transfer because her notices of appeal make reference only to the dates of the enforcement orders. See Tex.R.App. P. 25.1(d)(2) (notice of appeal must include the date of the judgment or order appealed). Jimmy's arguments are without merit.
Cynthia's motion to transfer was based on the exclusive-transfer provisions of the Texas Family Code, applicable to suits affecting the parent-child relationship. See Tex. Fam.Code § 155.201-207. An order denying transfer under these provisions is not subject to interlocutory appeal. Id. § 155.204(e). However, an interlocutory order is appealable when it has merged into a subsequent final, appealable order. See H.B. Zachry Co. v. Thibodeaux, 364 S.W.2d 192, 193 (Tex.1963) (holding that prior interlocutory orders merge into subsequent order disposing of remaining parties and issues, creating a final and appealable judgment); Wilkins v. State Farm Mutual Auto. Ins. Co., 58 S.W.3d 176, 182 (Tex.App.-Houston [14th Dist.] 2001, no pet.). The Family Code allows appeal from a final order rendered in a suit affecting the parent-child relationship. Tex. Fam.Code § 109.002(b); In re Taylor, 45 S.W.3d 357, 358 (Tex.App.-Waco 2001, orig. proceeding). The enforcement orders are final orders into which the denial of the motion to transfer could properly merge.
Cynthia was not required to file a notice of appeal that explicitly referred to the order denying transfer or the date of this order. See In re S.G.S. and E.E.S., 53 S.W.3d 848, 852 (Tex.App.-Fort Worth 2001, no pet.) (holding husband's notice of appeal of final order disposing of all issues in wife's petition to modify invoked appellate jurisdiction to consider order denying husband's motion to transfer). Instead, she properly challenges the order denying transfer as an issue in her appeal of the enforcement orders. See Parks v. Huffington, 616 S.W.2d 641, 644 (Tex.Civ.App.-Houston [14th Dist.] 1981, writ ref'd n.r.e.) (stating interlocutory order may be appealed by point of error when suit out of which it arose is appealed). Accordingly, Cynthia's notices of appeal have invoked this court's jurisdiction to address the merits of her motion to transfer.
B. Was the trial court required to transfer the proceedings regarding M.E.L. to Harris County?
*263 In her first and ninth issues, Cynthia contends the trial court had no jurisdiction to enter the orders granting Jimmy's motion for enforcement and denying her motion for enforcement as to M.E.L. because it was required to transfer the proceedings pertaining to M.E.L. to Harris County.[2] When a court renders a final divorce decree, it acquires continuing, exclusive jurisdiction over the matters in the decree affecting a child of the marriage. Tex. Fam.Code § 155.001(a); In re G.R.M., 45 S.W.3d 764, 766 (Tex.App.-Fort Worth 2001, no pet.). The court retains continuing, exclusive jurisdiction over the child unless jurisdiction has been transferred under sections 155.201-207 of the Texas Family Code[3] or an emergency exists. See Tex. Fam.Code §§ 155.001(c), 155.002, 155.201-207; In re G.R.M., 45 S.W.3d at 766-67. Section 155.201 provides in pertinent part:
(b) If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.
TEX. FAM.CODE § 155.201(b) (emphasis added). Section 155.204 prescribes the procedure for transfer as follows:
(a) ... If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall be transferred promptly without a hearing to the proper court.
(b) On or before the first Monday after the 20th day after the date of notice of a motion to transfer is served, a party desiring to contest the motion must file a controverting affidavit denying that grounds for the transfer exist.
(c) If a controverting affidavit contesting the motion to transfer is filed, each party is entitled to notice not less than 10 days before the date of the hearing on the motion to transfer.
Id. § 155.204(a),(b),(c) (emphasis added).
Under these provisions, if a motion to transfer is not timely controverted, then the trial court has a mandatory, ministerial duty to promptly, without hearing, transfer a proceeding to the county where the child at issue has resided for more than six months. Id. §§ 155.201(b), 155.204(a),(b),(c); Proffer v. Yates, 734 S.W.2d 671, 673 (Tex.1987); Arias v. Spector, 623 S.W.2d 312, 313 (Tex.1981). The transferee court becomes the court of continuing, exclusive jurisdiction, and all proceedings continue as if brought there originally. Tex. Fam.Code § 155.206(a). The transferor court does not retain jurisdiction over the child. Id. § 155.206(d). The transferor court has no jurisdiction to enforce its order for violations occurring before or after the transfer. Id. The transferee court acquires the power to enforce previous orders entered by the transferor court. Id. § 155.206(c),(d). Any subsequent motions for enforcement must be filed in the transferee court as the court of *264 continuing, exclusive jurisdiction. Id. § 157.001(a).
Cynthia contends the trial court had a mandatory duty to transfer the proceedings pertaining to M.E.L. to Harris County when Jimmy did not controvert her first motion to transfer as to M.E.L. Jimmy maintains transfer was not automatic at that time because Cynthia included T.J.L. in the motion, and he controverted the motion as to T.J.L.
The statute is not as clear as it could be on whether transfer as to one child is required when not all children of a marriage live in the county to which transfer is sought. However, in construing a statute, our primary aim is to give effect to the Legislature's intent. Osterberg v. Peca, 12 S.W.3d 31, 38 (Tex.2000). We must construe a statute as written and endeavor to ascertain legislative intent from its language. Id.; Helena Chemical Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex.2001). In addition, we must always consider the statute as a whole rather than its isolated provisions. Helena Chemical Co., 47 S.W.3d at 493.
The language of the whole statute indicates that the Legislature intended for trial courts to determine continuing, exclusive jurisdiction on a child-by-child basis because the statute consistently refers to jurisdiction over the "child," in the singular. See Tex. Fam.Code §§ 155.001, 155.201. It is also clear the Legislature wanted matters affecting the parent-child relationship to be heard in the county where the child resides. See id. § 155.201(b); Cassidy v. Fuller, 568 S.W.2d 845, 847 (Tex.1978). It is easier to prove the current circumstances affecting the child in that county. See Cassidy, 568 S.W.2d at 847. Further, the statute recognizes that transfer as to some, but not all, children may be appropriate. Section 155.207(b) provides that "[t]he clerk of the transferring court shall keep a copy of the transferred files. If the transferring court retains jurisdiction of another child who was the subject of the suit, the clerk shall send a copy of the complete files to the court to which the transfer is made and shall keep the original files." Tex. Fam. Code § 155.207(b). Accordingly, we construe the statute as requiring a court to transfer the proceedings affecting a child to the county where the child resides, even if it retains jurisdiction over another child of the marriage who does not live in the transferee county.
When faced with a similar issue in Koether v. Morgan, 787 S.W.2d 582 (Tex. App.-Waco 1990, orig. proceeding), the court of appeals rejected the nonmovant's argument that it was against the best interests of the children to split them up for jurisdictional purposes. See id. at 584-85. Instead, the court recognized "[s]ection 11.06(j) [now section 155.207] indicates on its face that the legislature specifically contemplated the wisdom and necessity of such a transfer ... when custody of a couple's children is divided between the mother and father and one parent moves to another county with the children of whom that parent is managing conservator." Id. at 585. The Koether court further stated the statute allows for the realities of a highly mobile society and does not require that all children in a particular case live in the county to which transfer is sought. Id.
Jimmy also asserts Cynthia had to file a motion to sever to be entitled to a transfer as to M.E.L. only. We disagree. The statute does not state that a motion to sever is required to effect transfer as to one of several children. However, the statute clearly contemplates severance in those instances because it prescribes the procedure for handling the case files when one child is transferred and another child is not. See Tex. Fam.Code § 155.207. Further, a trial court may sever any case on *265 its own initiative. Tex.R. Civ. P. 41; Andrews v. East Texas Med. Center-Athens, 885 S.W.2d 264, 266 (Tex.App.-Tyler 1994, no writ). Most importantly, we have determined that the Legislature intended transfer as to one child when not all children live in the transferee county. Severance is the procedure to implement transfer in those instances. See Van Dyke v. Boswell, O'Toole, Davis & Pickering, 697 S.W.2d 381, 383 (Tex.1985) (stating severance splits a suit into two or more independent actions, and controlling reasons for severance are to do justice, avoid prejudice, and further convenience); Koether, 787 S.W.2d at 585 (stating severance proper to implement the Family Code's mandatory venue provisions); Stewart v. Whitworth, 453 S.W.2d 875, 881-82 (Tex.App.-Houston [1st Dist.] 1994, writ dism'd) (affirming severance to transfer venue as to one of several defendants when the claim against him was severable from claims against co-defendants). Therefore, because our primary aim is to give effect to legislative intent, we construe the statute as requiring severance to transfer the proceedings as to one of several children, even when the movant does not move to sever.
We conclude the trial court was required to promptly sever and transfer all proceedings pertaining to M.E.L. to Harris County when Jimmy did not controvert Cynthia's first motion to transfer as to M.E.L. At that time, the trial court had no further jurisdiction to enforce the divorce decree as to M.E.L. See Tex. Fam.Code Ann. §§ 155.206, 157.001(a). Accordingly, the subsequent orders granting Jimmy's motion for enforcement and denying Cynthia's motion for enforcement are void as to M.E.L. We sustain Cynthia's first and ninth issues.

C. Motions for Enforcement
Cynthia's remaining issues challenge the orders granting Jimmy's motion for enforcement and denying Cynthia's motion for enforcement. Because the orders are void as to M.E.L., we do not address the remaining issues as to M.E.L. Specifically, we do not address Cynthia's seventh issue challenging the trial court's alteration of the exchange location for Jimmy's possessions of M.E.L. In addition, we do not address the issues regarding M.E.L.'s healthcare expenses. However, the orders also pertain to T.J.L. because the motions for enforcement addressed payment of both children's healthcare expenses. Cynthia requests we reverse the orders pertaining to T.J.L. on the merits. Therefore, we will address her remaining issues to the extent the orders pertain to T.J.L.'s healthcare expenses.
An appellate court reviews an order enforcing a previous child support order for abuse of discretion. McPherson v. Townsend, 593 S.W.2d 430, 431-32 (Tex. Civ.App.-Houston [14th Dist.] 1980, no writ). Under the abuse-of-discretion standard, we must determine "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.1990).
1. Did Jimmy's motion for enforcement comply with section 157.002?
In her second, third, and fifth issues, Cynthia contends the trial court abused its discretion by hearing Jimmy's motion for enforcement on an expedited basis because the motion did not comply with the pleading requirements of section 157.002. See Tex. Fam.Code § 157.002(c) (allowing ten days' notice of hearing on motion for enforcement of existing order providing for child support).
Cynthia first asserts the motion did not meet the requirements of section 157.002(a)(2), which requires a motion for *266 enforcement to state, in ordinary and concise language, the manner of the respondent's alleged noncompliance. See Tex. Fam.Code § 157.002(a)(2). We disagree. The motion clearly specified the manner of Cynthia's alleged noncompliance with the divorce decree. After citing the provisions for submitting healthcare expenses, the motion states Cynthia "has failed to comply with the court order in not following the provision in the decree as stated above regarding the payment of uninsured medical expenses and the processing of the claim forms within the ten (10) day period." Therefore, the motion gave Cynthia sufficient notice that her alleged failure to timely submit healthcare expenses to Jimmy would be at issue.
Cynthia also asserts the motion did not comply with section 157.002(b)(1), which requires a motion for enforcement of child support to include the amount owed as provided in the support order, the amount paid, and the amount of arrearages. See Tex. Fam.Code § 157.002(b)(1). However, section 157.002(b)(1) does not apply to Jimmy's motion. Jimmy did not seek medical child support arrearages, and the court did not rule that Cynthia owed arrearages. Rather, Jimmy sought to enforce the requirement that Cynthia timely submit expenses to him before he is obligated to pay medical child support. Because Jimmy's motion complied with the applicable provisions of section 157.002, the trial court did not abuse its discretion in hearing the motion as to T.J.L.[4] We overrule Cynthia's second, third, and fifth issues as to T.J.L.
2. Did the trial court abuse its discretion by granting Jimmy's motion for enforcement?
In her fourth and sixth issues, Cynthia challenges the sufficiency of the evidence supporting the trial court's order that she be 100% responsible for the healthcare expenses she incurred on behalf of the children from January 5, 1996 through November 6, 2000. Although Cynthia challenges the sufficiency of the evidence, we must use the abuse-of-discretion standard of review that applies to enforcement orders. See McPherson, 593 S.W.2d at 431-32. Under an abuse-of discretion standard, legal and factual insufficiency are not independent grounds of error, but rather are relevant factors in assessing whether the trial court abused its discretion. Henry v. Henry, 48 S.W.3d 468, 475 (Tex.App.-Houston [14th Dist.] 2001, no pet.); Wood v. O'Donnell, 894 S.W.2d 555, 556 (Tex.App.-Fort Worth 1995, no writ). There is no abuse of discretion as long as some evidence of a substantive and probative character exists to support the trial court's decision. Wood, 894 S.W.2d at 557; Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.-Houston [1st Dist.] 1993, writ denied).
The record contains evidence of a substantive and probative character that Cynthia failed to comply with the prerequisite for obtaining reimbursement from Jimmy or his insurance carrier for the expenses she incurred from January 5, 1996 through November 6, 2000. On December 3, 1999, she belatedly sent Jimmy a letter itemizing the expenses she incurred during 1996, 1997, and 1998, demanding reimbursement for half of these expenses. Jimmy testified this letter was his first notice Cynthia claimed reimbursement for healthcare expenses. He testified Cynthia gave him a *267 stack of bills on the day of the November 6, 2000 hearing, and he had not seen most of them before that time. Jimmy further testified he rarely received copies of bills from Cynthia and had not received them in accordance with the divorce decree. He explained the providers sometimes submitted insured expenses directly to his carrier; however, if the carrier denied payment, he could not contest the decision because he had not received notice of the expenses from Cynthia.
Cynthia admitted at the hearing she did not timely send all medical paperwork to Jimmy, although she testified she sent some bills to him. On appeal, she makes the general assertion that she proved at the hearing she did submit some bills to Jimmy. However, the appellate record contains no bills introduced by Cynthia in opposition to Jimmy's motion, and she does not refer us to any such proof. As the party asserting error, Cynthia bears the burden of showing the record supports her contention and specifying the portion of the record on which she relies. See Tex.R.App. P. 38.1 (h); Houghton v. Port Terminal R.R. Ass'n, 999 S.W.2d 39, 51 (Tex.App.-Houston [14th Dist.] 1999, no pet.). By failing to do so, she has waived her complaint.
Finally, Cynthia asserts the finding she and Jimmy spent equal amounts for the children's expenses does not support the trial court's order that she be responsible for the expenses she incurred. However, the finding she did not timely submit expenses to Jimmy as required to obtain reimbursement, by itself, supports the order. Accordingly, the trial court did not abuse its discretion in holding Cynthia 100% responsible for healthcare expenses she incurred on behalf of T.J.L. from January 5, 1996 through November 6, 2000. We overrule Cynthia's fourth and sixth issues as to T.J.L.
In her eighth issue, Cynthia contends the trial court impermissibly modified the divorce decree by holding Cynthia 100% responsible for the children's uninsured healthcare expenses. We disagree. The trial court simply enforced the decree by ruling Cynthia must comply with the prerequisites therein for obtaining reimbursement for the expenses she incurred. The court did not order Cynthia to pay all of the expenses in the future, which would amount to a modification. In fact, the court ordered both parties to comply in the future with the existing provisions for payment of healthcare expenses. Accordingly, the trial court did not modify the decree as to T.J.L. We overrule Cynthia's eighth issue as to T.J.L.
D. Has Cynthia preserved error and properly briefed her tenth, eleventh, and twelfth issues?
In her tenth issue, Cynthia complains that the trial court did not hold a hearing for the receipt of evidence before it denied her motion for enforcement concerning unreimbursed healthcare expenses from November 6, 2000 through February 16, 2001. In her eleventh issue, Cynthia contends the order denying her motion is void or voidable because it inaccurately reflects the court did hear evidence. In her twelfth issue, she contends the trial court impermissibly reduced the amount of child support arrearages owed by Jimmy by failing to hear evidence on the motion.
Cynthia has waived appellate review of her tenth and twelfth issues as they pertain to T.J.L. because she did not request the court to hear evidence of expenses she incurred from November 6, 2000 to February 16, 2001. See Tex.R.App. P. 33.1 (providing a party must complain to the trial court by a timely request, objection or motion to preserve the complaint for appellate review). Instead, at the hearing on *268 her motion for enforcement, Cynthia represented to the court that her motion was moot. When Jimmy's counsel argued Cynthia's motion was moot in light of the ruling on Jimmy's motion, Cynthia's counsel responded, "all of our expenses relate to that period. They all relate to that period prior to November 6th of 2000." The court already had ruled Cynthia could not obtain payment from Jimmy or his insurance carrier for expenses she incurred before November 6, 2000 when it granted Jimmy's motion for enforcement.
Cynthia maintains that her counsel's statement was incorrect, or the reporter's record is incorrect. Nevertheless, Cynthia did not thereafter attempt to introduce evidence of expenses she incurred from November 6, 2000 to February 16, 2001, or to correct the reporter's record. As movant, Cynthia had the initial burden to establish Jimmy was in arrears as to payment of these expenses. See Curtis v. Curtis, 11 S.W.3d 466, 472 (Tex.App.-Tyler 2000, no pet.); Ex Parte McIntyre, 730 S.W.2d 411, 417 (Tex.App.-San Antonio 1987, orig. proceeding). After the discussion about the motion being moot, the trial court asked if Cynthia's counsel had anything else to say. Counsel told the court she had tried unsuccessfully to obtain a transcript of the hearing on Jimmy's motion for enforcement from the court reporter. She further stated she would request a rehearing on "this motion", and hoped to have a transcript by that time. It is unclear whether Cynthia's counsel meant Jimmy's motion or her motion. Nevertheless, we find no attempt to introduce evidence at the hearing on her own motion. Therefore, Cynthia failed to preserve error as to her tenth and twelfth issues. Accordingly, we overrule Cynthia's tenth and twelfth issues as to T.J.L.
In support of her eleventh issue, Cynthia provides this court with two sentences of conclusory argument that contain no citation to the appellate record or to any legal authorities. Cynthia provides no analysis and no legal authorities that would show that the trial court reversibly erred by inaccurately stating in the March 12, 2001 order that a hearing had been held for receipt of evidence; therefore, we overrule Cynthia's eleventh issue as to T.J.L. because she has waived review of this issue. See Tex.R.App. P. 38.1(h); Baker v. Gregg County, 33 S.W.3d 72, 79-80 (Tex.App.-Texarkana 2000, pet. dism'd); Houghton, 999 S.W.2d at 51.

IV. CONCLUSION
The trial court was required to promptly sua sponte sever and transfer all proceedings pertaining to M.E.L. to Harris County when Jimmy did not controvert Cynthia's first motion to transfer as to M.E.L. Therefore, we sustain Cynthia's first and ninth issues, and we reverse the order denying Cynthia's first motion to transfer as to M.E.L. We reverse the February 16, 2001 order granting Jimmy's motion for enforcement to the extent it pertains to M.E.L. In particular, we reverse the portions that: (1) hold Cynthia 100% responsible for all healthcare expenses she incurred on behalf of M.E.L., whether covered by insurance or not, from January 5, 1996 through November 6, 2000; (2) modify the exchange location for Jimmy's possession of M.E.L.; and (3) require Cynthia to post a $2,500 bond as to M.E.L. We reverse the March 12, 2001 order denying Cynthia's motion for enforcement to the extent it denies the relief requested as to M.E.L.'s healthcare expenses. We remand with instructions to sever and transfer all proceedings pertaining to M.E.L. to Harris County, Texas. In light of this disposition, we do not address Cynthia's seventh issue at all or the *269 remaining issues to the extent that they pertain to M.E.L.
Because Jimmy's motion complied with section 157.002, we overrule Cynthia's second, third, and fifth issues. We conclude that the trial court did not abuse its discretion in granting Jimmy's motion for enforcement as to T.J.L., and we overrule Cynthia's fourth, sixth, and eighth issues. Accordingly, we affirm the February 16, 2001 order granting Jimmy's motion for enforcement to the extent it pertains to T.J.L.
Cynthia has not preserved error as to her tenth and twelfth issues, and she has waived review of her eleventh issue by not supporting it with proper argument and authorities. Therefore, we affirm the March 12, 2001 order denying Cynthia's motion for enforcement to the extent it denies the relief requested as to T.J.L.
NOTES
[1] At the time Cynthia filed her petition, the older daughter had turned eighteen; therefore, Cynthia did not seek relief as to the older daughter.
[2] In her ninth issue, Cynthia also asserts the trial court had no jurisdiction to consider a motion to modify filed on December 8, 2000. However, the record does not show a motion to modify was filed on December 8, 2000. Therefore, the only motions we will address with regard to the jurisdictional issues are Jimmy's motion for enforcement and Cynthia's motion for enforcement.
[3] All subsequent statutory references in this opinion are to the Texas Family Code, unless otherwise stated.
[4] Cynthia also asserts the motion did not comply with section 157.002(c) which prescribes the contents of a motion for enforcement of terms of possession of a child. See TEX. FAM.CODE § 157.002(c). Because the motion addressed possession as to M.E.L. only, we do not address this complaint.