Affirmed and Memorandum Opinion filed August 21, 2003














Affirmed and
Memorandum Opinion filed August 21, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00585-CV

____________

 

ABBAS ALI PAHLAVAN, Appellant

 

V.

 

SHOREH GHODS, Appellee

 

______________________________________________

 

On Appeal from
the 247th District Court

Harris County, Texas

Trial Court
Cause No. 00-13565

 

______________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant Abbas
Pahlavan challenges the attorney’s fees awarded in
the trial court’s order enforcing a divorce decree dissolving his marriage to appellee Shoreh Ghods.  We affirm.

I.  Factual and Procedural
Background

            The trial court signed a divorce decree
containing the following relevant language:

            After the date hereof,
Respondent [Abbas Pahlavan]
shall timely make, and shall be responsible for, all payments of principal,
interest, utilities, property taxes, insurance, alarm[,] pool and yard upkeep
on the Property (referred to in this paragraph as “Expenses”) until the
Property is sold . . . At the closing of the sale of the Property, the party
who advanced and paid such Expenses and/or repairs after the date hereof shall
be reimbursed 100% of all monies paid by him or her for payment of the Expenses
and/or repairs . . . .

 

            There is evidence in the record
showing the following: (1) Pahlavan did not make
payments of Expenses as required by the decree; (2) in July of 2001, Pahlavan began to pay Ghods $1,000
per month in child support rather than the $1,800 per month required by the
decree; and (3) Pahlavan did not make any of the
mortgage payments on the Property [1]
after September of 2001.

            Ghods
filed a motion to enforce the divorce decree. 
After an evidentiary hearing, the trial court granted the motion to
enforce and granted judgment against Pahlavan and in
favor of Ghods for $7,090.87, plus $3,791.25 in
attorney’s fees.  Pahlavan
now challenges the trial court’s judgment.

II. 
Standard of Review

            We review the trial court’s
enforcement order under an abuse-of-discretion standard.  See In
re T.J.L., 97 S.W.3d 257, 265 (Tex. App.—Houston [14th
Dist.] 2002, no pet.) (reviewing enforcement order
under abuse-of-discretion standard of review); Chavez v. Chavez, 12 S.W.3d 563, 566 (Tex. App.—San Antonio 1999,
no pet) (applying abuse-of-discretion standard of review to award of attorney’s
fees under section 9.014 of the Texas Family Code).  Under this standard, we must determine
whether the trial court acted without reference to any guiding rules or
principles; in other words, we must decide whether the trial court acted
arbitrarily or unreasonably.  See In re T.J.L., 97
S.W.3d at 265.




III.  Issues
and Analysis

A.        Is the trial court’s
award of attorney’s fees authorized under section 9.014 of the Texas Family Code?

            In
his first issue, Pahlavan argues that the trial
court’s award of attorney’s fees was not authorized under section 9.014 of the
Texas Family Code.  See Tex. Fam. Code §
9.014 (“The court may award reasonable attorney’s fees as costs in a proceeding
under this subchapter.”)  Pahlavan contends that section 9.014 does not apply because
the trial court modified — rather than
enforced — the divorce decree.  We
disagree.  

            There was evidence before the trial
court that Pahlavan violated the divorce decree.  Although there is a reimbursement mechanism
in the decree that allows Pahlavan or Ghods to be reimbursed from the proceeds of the sale of the
Property, this reimbursement provision does not affect Pahlavan’s
duty to timely pay the Expenses before the sale of the Property.  Moreover, the record contains evidence from
which the trial court could have concluded that Pahlavan
was obstructing the sale of the Property. 
Further, the divorce decree does not state that the reimbursement
provision is an exclusive remedy.

            We hold the trial court enforced the
divorce decree when it awarded Ghods $7,090.87 plus
attorney’s fees.  Therefore, the trial
court was authorized under section 9.014 of the Texas Family Code to award Ghods reasonable attorney’s fees in its enforcement of the
decree.  Accordingly, we overrule Pahlavan’s first issue. 


B.        Did the trial court abuse its discretion
in awarding attorney’s fees because Ghods allegedly
violated the divorce decree?

            In his second issue, Pahlavan argues the trial court abused its discretion
because Ghods cannot enforce the divorce decree,
given that she allegedly violated it by delaying the sale of the Property.  This argument ignores the standard of
review.  There was sufficient evidence in
the record for the trial court to find: (1) Pahlavan
materially breached the decree before any alleged breach by Ghods,
and (2) Pahlavan — not Ghods
— caused the delay in selling the Property. 
We conclude the trial court did not abuse its discretion either in
enforcing the divorce decree as it did or in awarding Ghods’s
attorney’s fees.  Accordingly, we
overrule Pahlavan’s second issue.

            We affirm the trial court’s
judgment.

 

                                                                                    

                                                                        /s/        Kem Thompson Frost

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed August 21,
 2003.

Panel consists of Justices Yates,
Hudson, and Frost.

 











            [1]  The “Property” refers to the residence Pahlavan and Ghods owned and
occupied while married.