Affirmed and Memorandum Opinion filed May 17, 2005









Affirmed and Memorandum Opinion filed May 17, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00506-CV

____________

 

KATHLEEN DAVENPORT, Appellant

 

V.

 

DONALD DAVENPORT, Appellee

 



 

On Appeal from the 312th
District Court

Harris County, Texas

Trial Court Cause No. 95-57489

 



 

M E M O R A N D U M   O P I N I O N

Appellant Kathleen Davenport (“Kathleen”)
brought a motion for enforcement of child support order against appellee Donald
Davenport (“Donald”).  The trial court
found that Donald was not in arrears for past child support.  Kathleen brought this appeal, arguing in one
issue that the evidence is legally insufficient to support the trial court’s
finding.  We affirm.








Kathleen and Donald were divorced on
September 4, 1996.  They had one child,
R.D., and under the terms of the divorce decree, Donald was required to pay
Kathleen $100.00 for child support on the first and fifteenth of each
month.  The decree also stated that
Donald should send the child support payments to the Harris County Child
Support Division.  Kathleen filed a
motion for enforcement on January 9, 2003, alleging that Donald had failed to
pay any child support for the first four years after the divorce and for
portions of other years.  In response
Donald provided receipts, cancelled checks, and records from the Child Support
Division showing that many child support payments had, in fact, been made.  In Kathleen’s third amended motion for
enforcement, she credited the payments for which Donald had receipts, but still
maintained that she did not receive child support payments for almost the
entirety of 1996–1999 and for some of 2000–2002.

The trial court held a hearing in which
both sides presented evidence and witnesses. 
Donald stated that he had made all child support payments, mostly in
cash, at Kathleen’s request, because Kathleen had no bank account and only limited
access to a bank.  Donald received
hand-written receipts from Kathleen for the cash payments, but he had lost most
of them over the course of several moves. 
Donald’s sister, subsequent wife (from whom he is also divorced), and
mother also testified that they had each delivered a check or cash to Kathleen
for child support at various times when picking up R.D. for weekend
visitation.  Kathleen maintained that
Donald did not make these payments.  The
trial court found that Donald did not owe any past child support and that
Kathleen’s claims were false.








In one issue, Kathleen argues that the
evidence is legally insufficient to support the trial court’s finding that no
child support is due or owed by Donald. 
A trial court’s decision to grant or deny the relief requested in a
motion for enforcement is reviewed for an abuse of discretion.  See In re T.J.L., 97 S.W.3d 257, 265
(Tex. App.—Houston [14th Dist.] 2002, no pet.); McPherson v. Townsend,
593 S.W.2d 430, 432 (Tex. Civ. App.—Houston [14th Dist.] 1980, no writ).  Under the abuse-of-discretion standard, legal
and factual insufficiency are not independent grounds of error, but rather are
relevant factors in assessing whether the trial court abused its
discretion.  In re T.J.L., 97
S.W.3d at 266.  There is no abuse
of discretion as long as some evidence of a substantive and probative character
exists to support the trial court’s decision. 
Id.  Further, the trial
court, acting as trier of fact, is the sole judge of the credibility of the
witnesses and the weight to be given their testimony.  Barrientos v. Nava, 94 S.W.3d 270, 288
(Tex. App.—Houston [14th Dist.] 2002, no pet.).

There is evidence of a substantive and
probative character that Donald was not in arrears on his child support
payments.  Donald testified that he had
always made his payments; he paid Kathleen in cash at her request because soon
after their divorce, she did not have a bank account and needed the money
sooner than it would arrive through the court system.  After contending in her initial motion for
enforcement that Donald had not paid any child support, Donald produced around
twenty-seven handwritten receipts signed by Kathleen stating that she had
received a child support payment for a particular date.  Kathleen gave Donald credit for these
payments in her subsequent motions and admitted that Donald had paid her some
support payments directly.  There was
also evidence that Kathleen filed a motion to increase support payments in
2002, but in that motion, she did not allege any arrearage for past child
support.  Also, Donald’s subsequent wife,
sister, and mother all testified that they had on occasion delivered child
support payments to Kathleen when picking up R.D. for weekend visitation.  Finally, as trier of fact, the trial court
apparently chose not to believe Kathleen’s allegations.

Because this evidence tends to support the
fact that Donald made regular payments, the trial court did not abuse its
discretion in finding that Donald did not owe past child support.  Accordingly, we overrule Kathleen’s sole
issue.

The judgment of
the trial court is affirmed.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment
rendered and Memorandum Opinion filed May 17, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.