Opinion filed June 17, 2021



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00269-CV

_____

## IN THE INTEREST OF A.E.R., A CHILD

**On Appeal from the 118th District Court**

**Martin County, Texas**

**Trial Court Cause No. 7012**

## MEMORANDUM OPINION

This is an appeal from a final order adjudicating parentage. Three years prior to the entry of the order adjudicating parentage, the trial court entered an interlocutory order for genetic testing. *See In re Office of Attorney Gen. of Tex.*, 272 S.W.3d 773, 777 (Tex. App.—Dallas 2008, orig. proceeding). Appellant challenges the trial court's order requiring genetic testing. *See Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) ("When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment.").

A.E.R. was born in 2013 during Marissa Castillo's relationship with Appellant, Timothy Rodriguez. Although Appellant knew that he was not

A.E.R.'s biological father, he chose to continue the relationship with Castillo and to be listed as A.E.R.'s father on her birth certificate. Castillo and Appellant separated less than three years after A.E.R. was born, but Appellant continued to see A.E.R. almost every day. After Castillo and Appellant failed to reach an agreement as to child support, Castillo refused Appellant access to A.E.R.

In 2016, Appellant filed a petition in a suit affecting the parent–child relationship; he asserted in the petition that he was the child's father, and he requested that he be appointed a joint managing conservator of A.E.R. The trial court ordered Appellant to submit to genetic testing, which conclusively showed that Appellant was not A.E.R.'s biological father. Based upon this finding, the trial court entered an order adjudicating parentage in which it ruled that Appellant was "adjudicated not to be" A.E.R.'s father. Appellant has appealed and requests that we appoint him as joint managing conservator of A.E.R.

Appellant asserts two issues on appeal. First, Appellant contends that the trial court abused its discretion by disregarding the factors of Section 160.608 of the Texas Family Code and ordering Appellant to submit to genetic testing to rebut his presumed paternity. *See* TEX. FAM. CODE ANN. § 160.608 (West 2014). Second, Appellant asserts that, even if the trial court did not abuse its discretion, the trial court violated A.E.R.'s substantive due process rights by denying A.E.R. the opportunity to continue her relationship with Appellant.

We affirm the order of the trial court.

*Background Facts*

We note at the outset that the only hearing that occurred in this matter was a hearing on temporary orders at which Appellant was the sole witness. Appellant began dating Castillo approximately six or seven months prior to A.E.R.'s birth. Castillo did not inform Appellant of her pregnancy until their relationship had already been established. Appellant, irrespective of this information, chose to

2

continue the relationship. When A.E.R. was born in 2013, Appellant was listed as A.E.R.'s father on her birth certificate, and A.E.R. was given Appellant's surname.

After A.E.R.'s birth, Castillo allowed Appellant to assume a fatherly role to A.E.R. and agreed with Appellant that he would "take responsibility for" A.E.R. Appellant held A.E.R. out as his own daughter and continually resided with A.E.R. until April 2016. A.E.R. referred to Appellant as her "father," and Appellant had formed a strong familial bond with A.E.R. since her birth. As of the date of the temporary-orders hearing, A.E.R. did not know who her biological father was, and no other male had assumed a "father figure" role in her life.

In April 2016, when A.E.R. was approaching three years old, Appellant and Castillo separated. Appellant and Castillo agreed to a visitation schedule, whereby Appellant saw A.E.R. on weekdays from 6:00 p.m. until A.E.R. went to bed, which was around 9:00 p.m., and on weekends from 2:00 p.m. to 6:00 p.m. Castillo eventually sought child support from Appellant, but the two parties were unable to agree during a scheduled child support review conference. After Castillo refused to allow Appellant further access to A.E.R., Appellant filed this suit affecting the parent–child relationship and requested that he be adjudicated as the managing conservator of A.E.R. with the right to designate the child's primary residence. Castillo then challenged Appellant's paternity of A.E.R. and requested the court to order genetic testing, which Appellant opposed at the hearing on temporary orders.

The trial court ordered Appellant to submit to genetic testing. After the results of the testing confirmed that Appellant was not A.E.R.'s biological father, the trial court rendered an Order Adjudicating Parentage in which it determined that Appellant was not A.E.R.'s father. Upon request, the trial court submitted the following conclusions of law:

> 1. Timothy Rodriguez failed to show by clear and convincing evidence that, pursuant to Section 160.608 of the Texas Family Code, the motion for an order for genetic testing should be denied.

3

2. The presumption of Timothy Rodriguez as the father of A.E.R. is rebutted.

3. Timothy Rodriguez is adjudicated as the non-father of A.E.R.

It is important to note prior to conducting our legal analysis, that Castillo did not testify at the temporary orders hearing and did not submit a brief to this court. Therefore, we must "accept as true the facts stated" in Appellant's brief, which have been verified in the reporter's record. *See* TEX. R. APP. P. 38.1(g).

## *Issue 1*

Appellant first asserts that the trial court abused its discretion by disregarding the factors in Section 160.608 of the Texas Family Code by ordering Appellant to submit to genetic testing to rebut his presumed paternity. Appellant asserts a theory of equitable estoppel, claiming that Castillo's prior conduct in allowing Appellant to serve as A.E.R.'s father precludes her from challenging Appellant's presumed paternity.

## *Standard of Review*

A trial court's decision in a paternity action or action modifying the parent–child relationship in equity is reviewed for abuse of discretion. *Stamper v. Knox*, 254 S.W.3d 537, 542 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)). Legal and factual insufficiency issues are not independent grounds of error under an abuse of discretion standard but, rather, are relevant factors in assessing whether the trial court abused its discretion. *Id.* (citing *In re T.J.L.*, 97 S.W.3d 257, 266 (Tex. App.—Houston [14th Dist.] 2002, no pet.)).

We apply a hybrid analysis because sufficiency of the evidence and abuse of discretion standards of review often overlap in family law cases. *Id.* (citing *In re D.S.*, 76 S.W.3d 512, 516 (Tex. App.—Houston [14th Dist.] 2002, no pet.)). Within this overarching standard, we engage in a two-pronged inquiry to determine whether

4

the trial court (1) had sufficient information on which to exercise its discretion and (2) erred in its application of discretion. *Zeifman v. Michels*, 212 S.W.3d 582, 588 (Tex. App.—Austin 2006, pet. denied).

There is no abuse of discretion as long as some evidence of a substantive and probative character exists to support the trial court's decision. *Stamper*, 254 S.W.3d at 542 (citing *T.J.L.*, 97 S.W.3d at 266). We defer to the trial court when it assesses the veracity and credibility of witnesses, and we do not substitute our judgment for that of the factfinder when evidence is conflicting. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). For purely legal issues, a trial court abuses its discretion when it fails to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

When, as here, the trial court issues findings of fact and conclusions of law, we may review the findings of fact on legal and factual sufficiency grounds and review the conclusions of law de novo as a legal question. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Although we may not review the conclusions of law for factual insufficiency, we may review the trial court's legal conclusions drawn from the facts to determine their correctness. *Id.*

*Analysis*

The clerk's record in this case is scant. While Appellant's pleadings do not specifically plead the words "presumed parent" or "estoppel" to deny parentage, we are mindful that Texas is a notice pleading state. "A petition is sufficient if a cause of action or defense may be reasonably inferred from what is specifically stated in the pleading, even if an element of the cause of action is not specifically alleged." *In re Cordish Co.*, 617 S.W.3d 909, 913–14 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see* TEX. R. CIV. P. 47. In the petition here, Appellant claimed parentage, standing as the parent, a right to joint conservatorship (even though separated), a right to continuing access to the child, and general relief. Parentage

5

was not contested until Castillo filed her answer, to which Appellant made no written response. We note, however, that Appellant invoked Section 160.608 at the temporary orders hearing and that the trial court referenced it as a potential basis for the denial of Castillo's motion for genetic testing.

In her answer, Castillo moved for genetic testing to determine parentage. The argument of the parties at the hearing introduced the concepts of presumed parentage and estoppel to deny parentage under Section 160.608. These concepts were debated without objection. Therefore, the trial court had discretion to deny the request for genetic testing if clear and convincing evidence was presented by Appellant. Counsel for Appellant specifically referenced Sections 160.204, 160.601, 160.607, 160.608 and 160.623 of the Texas Family Code in argument to the trial court.

"When issues not raised by the pleadings are tried by [the] express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." TEX. R. CIV. P. 67. "To determine whether an issue was tried by consent, an appellate court must examine the record for evidence of the *trial* of the issue, not just admission of evidence on the issue." *Cont'l Homes of Tex., L.P. v. City of San Antonio*, 275 S.W.3d 9, 16 (Tex. App.—San Antonio 2008, pet. denied). A matter is considered to have been tried by consent when evidence regarding the unpled issue "is developed under circumstances indicating both parties understood the issue was in the case" and the other party failed to make an appropriate complaint. *Id.* Examining the entire record as we must, we observe that objection was not made to the arguments presented by Appellant and argued to the trial court. Further, two weeks after the hearing, the trial court, in its correspondence to counsel dated September 16, 2016, confirmed that a basis for the decision was the review of Section 160.608. Paragraphs (a) and (b) of Section 160.608 set out presumed parent, estoppel, and best interest of the child as relevant factors to the trial court's determination to deny a request for genetic testing. The trial court also mentioned

6

in its correspondence that it "reviewed the one appellate opinion which interprets Section 160.608." Finally, the trial court's conclusions of law reference Section 160.608 as the basis of Appellant's opposition to genetic testing.

Even if we assume, without deciding, that Appellant's first issue was preserved for appeal, we cannot conclude that the trial court abused its discretion in its three conclusions of law, specifically: (1) that Appellant did not prove by clear and convincing evidence that genetic testing should be denied under Section 160.608 of the Texas Family Code; (2) that presumptive parentage was rebutted; and (3) that Appellant was the non-father of A.E.R. We cannot say, under the circumstances presented, that the trial court abused its discretion given the statutorily required factors that should be considered when determining what might be in the best interest of the child, including, but not limited to:

1. The length of time that Appellant was on notice that he was not the father—here, from the beginning of the dating relationship;

2. The length of time Appellant assumed the role of father of the child—here, almost three years. Yet, since separation of the couple, it has already been five years;

3. The facts surrounding Appellant's discovery of nonpaternity—here, both Appellant and Castillo have always known that Appellant was not the father; and

4. The age of the child—here, the child's relationship with Appellant was during her years of infancy.

*See* FAM. § 160.608(b).

Appellant's burden of proof, that of clear and convincing evidence, is not met on the defense of estoppel where there was never any misinformation or uncertainty of parentage provided by Castillo. Furthermore, there was only vague testimony by Appellant of what the alleged "agreement" between Appellant and Castillo actually constituted, other than "[w]e agreed that I was going to take responsibility for the

child." That evidence hardly equates to a lifelong parental right to the child, a right of managing conservatorship, or the right to control where the residence of the child will be until the child reaches adulthood, as requested by Appellant. The only hearing that occurred in this case was a hearing on temporary orders. Appellant was the only witness that testified at the hearing, with his testimony only spanning fifteen pages of the reporter's record. Furthermore, Appellant did not request a final hearing after the trial court invited counsel to request a final hearing in its letter of December 2, 2016. On this meager record, we conclude that the trial court did not abuse its discretion by ordering genetic testing as requested by Castillo. *See* FAM. § 160.502(a). We overrule Appellant's first issue.

*Issue Two*

In his second issue, Appellant asserts that the trial court violated the child's substantive due process rights when it denied Appellant access to the child.

"As a prerequisite to presenting a complaint for appellate review, the record must show" that a complaint was made to the trial court by an objection that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a)(1)(A). The trial court must have "(A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection or motion, and the complaining party objected to the refusal." *Id.* R. 33.1(a)(2). The rationale for preservation being a prerequisite to further analysis is the same as that which supports preservation of error generally: a trial court should not be reversed on a matter that was not brought to the trial court's attention. *Carranza v. State*, 960 S.W.2d 76, 78–79 (Tex. Crim. App. 1998). "Arguments which are not supported by a trial objection are deemed overruled." *Burks v. State*, 876 S.W.2d 877, 899 (Tex. Crim. App. 1994).

Appellant has not preserved this contention for appellate review, as well as the appellate arguments that he offers in support of it, because he did not present the matter to the trial court for consideration. *See* TEX. R. APP. P. 33.1. Therefore, we overrule Appellant's second issue.

*This Court's Ruling*

We affirm the order of the trial court.


W. BRUCE WILLIAMS
JUSTICE


June 17, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.