COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| ROLAND G. MORALES, | § | No. 08-10-00318-CV |
| Appellant, | § | Appeal from |
| v. | § | 131st District Court |
| DIANA L. RICE f/k/a DIANA L. MORALES, | § | of Bexar County, Texas |
| Appellee. | § | (TC # 94-CI-06591) |

## O P I N I O N

Roland G. Morales and Diana L. Rice, formerly known as Diana L. Morales, appeal from an order which enforces certain provisions of a 1995 divorce decree and awards attorney's fees. We affirm in part and reverse in part.

### FACTUAL SUMMARY

Roland and Diana divorced in 1995. The present dispute between the parties centers on Roland's obligation to pay one-half of the children's medical and dental expenses not paid by insurance and on Diana's obligation to pay $10,000 to Roland upon the occurrence of certain events. With respect to the first area of contention, the divorce decree ordered Morales to provide, as child support, medical and dental insurance for the children and he was required to pay one-half of the medical and dental expenses not paid by insurance by paying the health care provider directly or by reimbursing Diana for any advance payment above her share of expenses. Diana had sole decision-making authority to incur medical and dental care expenses for the children and she was required to furnish Roland with copies of all statements and bills for the expenses not covered by insurance. The decree specified that charges were presumed to be

reasonable upon presentation of the bill and disallowance of the bill by an insurer did not excuse Roland's obligation to pay his share. The divorce decree awarded Diana the residence located in Converse but she was ordered to pay Roland the sum of $10,000 upon the occurrence of certain events, including if she remarried or if she had a male non-family member living with her.

Jonathan Rice began living with Diana in February 1996 and they married in April 2004. In October 2004, Roland made demand on Diana that she pay him $10,000 as required by the divorce decree. When Diana did not pay him, Roland filed a motion to enforce. Diana countered with a motion for enforcement and contempt alleging that Roland had not paid his share of the children's medical expenses. Diana attached to her motion an exhibit which summarized unpaid dental care, vision care, medical care, and prescription expenses for 1995 through the filing date in 2005. The exhibit reflects unpaid expenses in the amount of $12,035.80 for dental care, $1,121.92 for vision care, $2,448.06 for medical care, and $271.17 for prescriptions. In 2009, Diana filed a supplemental motion alleging that Roland had failed to maintain insurance for the children, to provide information regarding those benefits to Diana, to inform Diana of his address, and to pay one-half of the children's medical and dental expenses. Diana also requested that the court award her a cumulative judgment for all of the medical/dental support as child support arrearages. The supplemental motion to enforce included a summary reflecting additional expenses incurred for 2005 through 2008.

The trial court awarded relief to both parties. With respect to Diana's motion for enforcement, the court found that Roland had failed to provide health insurance and failed to pay medical and dental support for the children. It awarded Diana a cumulative money judgment of $25,141.42. The court additionally awarded judgment against Roland for Diana's attorney's fees. With respect to Roland's motion for enforcement, the court found that a male non-family

member had resided with Diana and awarded Roland a judgment against her in the amount of $10,000. The court also awarded Roland attorney's fees in the amount of $10,000. Both parties appeal.

## ROLAND'S ISSUES

### Hearsay

In his first issue, Roland argues that the trial court abused its discretion by admitting the copies of medical bills and receipts because the evidence was inadmissible hearsay. He also contends that the evidence is unauthenticated. Diana responds that Roland waived these arguments.

Petitioner's Exhibit 1 is a large collection of receipts, statements, and bills related to medical and dental services. The exhibit also includes some progress notes related to one child's illness. Prior to the exhibit being offered, Diana identified each receipt and explained the nature of the medical or dental expense, for which child the expense was incurred, and the amount of the expense. When Diana offered the exhibit, Roland raised only a hearsay objection. The trial court overruled the hearsay objection and admitted the evidence.

Error is preserved with regard to a ruling that admits evidence if the opponent of the evidence makes a timely, specific objection and obtains a ruling. TEX.R.APP.P. 33.1; TEX.R.EVID. 103(a)(1); *Service Corporation International v. Guerra*, 348 S.W.3d 221, 234 (Tex. 2011). Roland argues on appeal that the evidence is inadmissible because it was not properly authenticated. Under the Texas Rules of Evidence, authentication relates to the requirement that the proponent of the evidence show that the matter in question is what its proponent claims. *See* TEX.R.EVID. 901(a). Roland did not make any objection at trial on the ground of authentication. Consequently, this argument is waived. *See Williams v. County of*

*Dallas*, 194 S.W.3d 29, 32 (Tex.App.--Dallas 2006, pet. denied)(appellant waived argument that evidence was not properly authenticated where she did not make the objection at trial).

Although Roland objected to Petitioner's Exhibit 1, he failed to make a hearsay objection when Diana testified about each of the medical and dental receipts contained in the exhibit. It is well established that a party waives any complaint about the admission of evidence if testimony to the same effect has been previously admitted without objection. *Atlantic Richfield Company v. Misty Products, Inc.*, 820 S.W.2d 414, 421 (Tex.App.--Houston [14th Dist.] 1991, writ denied). By failing to object to Diana's testimony which established the same facts as the receipts, Appellant waived his complaint.

Alternatively, even if we assume for the sake of argument that the trial court abused its discretion by admitting Petitioner's Exhibit 1 over Roland's hearsay objection, the error is not reversible because it did not cause the rendition of an improper judgment. *See* TEX.R.APP.P. 44.1(a)(1). A witness with personal knowledge may testify to expenses incurred without providing documentation to substantiate the testimony. *See In the Interest of J.C.K.*, 143 S.W.3d 131, 142 (Tex.App.--Waco 2004, no pet.)(where mother with personal knowledge of healthcare expenses testified about those expenses and refreshed memory with summary of expenses prepared by counsel, testimony was legally and factually sufficient to support trial court's award of prenatal and postnatal medical expenses). Diana's testimony about the children's healthcare expenses was sufficient to prove the expenses even without the supporting documentation. *See In the Interest of J.C.K.*, 143 S.W.3d at 142. We overrule Issue One.

### Unpaid Medical Support

In Issues Two through Five, Roland challenges the trial court's decision to grant Diana's motion to enforce.

*Standard of Review*

We review the trial court's ruling on a post-divorce motion for enforcement of a divorce decree under an abuse-of-discretion standard. *See In re T.J.L.*, 97 S.W.3d 257, 265 (Tex.App.--Houston [14th Dist.] 2002, no pet.)(abuse of discretion standard applied in reviewing order enforcing payment of child's healthcare expenses and uninsured medical expenses). In determining whether the trial court abused its discretion, we engage in a two-pronged analysis: (1) did the trial court have sufficient information upon which to exercise its discretion; and (2) did the trial court err in its application of discretion? *Duran v. Garcia*, 224 S.W.3d 309, 313 (Tex.App.--El Paso 2005, no pet.). The traditional sufficiency standards apply to the first question. *Sotelo v. Gonzales*, 170 S.W.3d 783, 787 (Tex.App.--El Paso 2005, no pet.). An appellant may challenge the trial court's findings of fact for legal and factual sufficiency of the evidence. *Sotelo*, 170 S.W.3d at 787. In a bench trial where no findings of fact or conclusions of law are filed, the judgment implies all findings of fact necessary to support it. *Id.* Where a reporter's record is filed, however, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency points. *Id.* The applicable standard of review is the same as that to be applied in the review of jury findings or a trial court's findings of fact. *Id.*

A legal sufficiency or "no evidence" challenge will be sustained if the party suffering the adverse decision at trial shows: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). When conducting a legal sufficiency review, we must view the evidence in the

light most favorable to the verdict, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *Id.* at 822. The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *Id.*

In a factual sufficiency review, we consider all of the evidence, both the evidence which tends to prove the existence of a vital fact, as well as evidence which tends to disprove its existence. *Sotelo*, 170 S.W.3d at 787. We will set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

Once we have determined whether sufficient evidence exists, we must then decide whether the trial court made a reasonable decision. *Lide v. Lide*, 116 S.W.3d 147, 151 (Tex.App.--El Paso 2003, no pet.). In other words, we must conclude that the ruling was neither arbitrary nor unreasonable. *Id.* Under the second inquiry, the test is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. *Sotelo*, 170 S.W.3d at 787-88. Rather, the issue is whether the trial court acted without reference to any guiding rules or principles such that its ruling was arbitrary or unreasonable. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997). An abuse of discretion is shown if the trial court drew an incorrect conclusion of law by misapplying the law to the facts or if the controlling findings of fact do not support a correct legal theory sufficient to support the judgment. *Sotelo*, 170 S.W.3d at 788.

*Failure to Submit the Bills to Insurance Carrier*

In Issue Two, Roland contends that the trial court abused its discretion by finding that Diana followed proper procedures in submitting medical and dental bills to the insurance

provider before seeking reimbursement for them. The divorce decree did not require that Diana take the children to providers who accept Roland's insurance. To the contrary, the decree gives Diana sole authority to make the decision to incur health and dental care expenses. Given that Diana is obligated to pay one-half of the expenses, it is obviously in her self-interest to take the children to providers who accept Roland's insurance, but it is not mandatory. Likewise, the decree does not provide that Roland is obligated to only pay one-half of the health care and dental expenses that have been submitted to his insurance or that are covered by his insurance. In fact, the decree provides that disallowance of a bill does not excuse the obligation to make payment. We overrule Issue Two.

*Failure to Send Copies of the Bills to Roland*

Roland argues in Issue Three that the evidence is legally and factually insufficient to show that Diana complied with the divorce decree's requirement that she send him copies of the medical and dental bills. The trial court heard evidence that Diana sent some of the bills to Roland, but she did not send all of them because she did not have a current address for him. Diana testified that she had attempted to mail some of the statements to him, but the certified mail was returned to her on one occasion. On another occasion, Roland signed for the certified mail but ignored it. Diana requested assistance from the Attorney General's Office to locate Roland, but that office did not have a current address for him. Diana also checked with the clerk of the trial court on several occasions to determine if the clerk had Roland's current address, but that office likewise did not have it. Diana introduced into evidence Petitioner's Exhibit 6 which is an envelope addressed to Roland and mailed to him on January 12, 2005. The United States Postal Service returned it as undeliverable. She did not obtain Roland's address until her attorney provided it to her after he served Roland with the motion for enforcement.

Roland denied ever receiving any statements or bills from Diana and claimed that he gave his current address to Diana every year when he sent her the insurance benefit information. Roland also testified that he gave his current address and telephone number to one of Diana's neighbors and she could have gotten it from the neighbor. Diana, on the other hand, testified that she received the insurance card wrapped in a blank piece of paper and placed inside of an envelope addressed to her but which had no return address and no information about the coverage.

Citing *In the Interest of T.J.L.*, 97 S.W.3d 257 (Tex.App.--Houston [14th Dist.] 2003, no writ), Roland asserts that Diana failed to comply with her obligation to send him copies of the bills and statements within five days after she received them. In *T.J.L.*, the divorce decree required the children's mother to submit the children's healthcare expenses to the father within ten days after she received them. *T.J.L.*, 97 S.W.3d at 260. The mother did not submit the bills to father as she received them but she instead gave him a stack of bills at a hearing in 2000 for healthcare expenses incurred in 1996 through 1999. *Id.* at 266-67. The Fourteenth Court of Appeals concluded that the trial court did not abuse its discretion by holding mother 100 percent responsible for these healthcare expenses. The instant case is distinguishable because the divorce decree does not require Diana to send the bills to Roland within five days after she receives them but instead obligates him to pay the bill within five days after he receives it. The decree does not impose any requirement on Diana to send the bills within a certain period of time. Further, Diana introduced evidence that she could not send Roland copies of the bills as she received them because he had failed to keep her apprised of his address as required by the divorce decree. There is evidence that Diana provided the bills to Roland or his attorney after she obtained his address. We conclude that the evidence is legally and factually sufficient to

support the trial court's implied finding that Diana complied with the decree's requirements. We overrule Issue Three.

*Reasonableness of the Bills*

In Issue Four, Roland argues that the evidence is legally and factually insufficient to prove that the charges were reasonable and necessary. Roland characterizes the Mexican dental bills as being "questionable on their face", but under Section 10.10 of the divorce decree, the charges are presumed to be reasonable upon presentation of the bill to Roland. As discussed above, there is evidence that Diana presented Roland with the bills which triggered the presumption of reasonableness. Under this factual scenario, it became Roland's burden to rebut the presumption. By ordering Roland to pay his share of these expenses, the trial court impliedly found that Roland failed to rebut the presumption. Roland cross-examined Diana extensively about the dental bills but he did not present any expert testimony that the charges were not reasonable and necessary. Consequently, he did not rebut the presumption and the burden did not shift back to Diana to prove that the charges were reasonable. Given the existence of the presumption, we find that the evidence is legally and factually sufficient to support the trial court's implied finding the charges are reasonable. We further conclude that the trial court did not abuse its discretion by granting a judgment against Roland for the child support arrearages. We overrule Issue Four as well as Roland's global Issue Five.

**Attorney's Fees**

In Issue Six, Roland complains that the trial court abused its discretion by awarding Diana her attorney's fees because she did not establish that the fees were reasonable and necessary. We understand him to also argue that Diana's attorneys did not segregate the fees to differentiate between the fees related to prosecution of Diana's motion for enforcement and the

fees related to the defense against Roland's motion.

With respect to the segregation argument, Diana responds that Roland waived this argument because he did not object to the failure to segregate at trial or by a post-verdict motion. We agree. To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX.R.APP.P. 33.1(a)(1)(A). In the context of segregation of fees, the party opposing an award of attorney's fees must make a timely objection. *Green International, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997). If no one objects that the attorney's fees are not segregated as to specific claims, then the objection is waived. *Id.* Roland waived review of this complaint because he failed to raise it in the trial court.

Turning to the remaining argument, a trial court may order a party to pay reasonable attorney's fees and costs in a suit affecting the parent-child relationship. TEX.FAM.CODE ANN. § 106.002 (West 2008); *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex. 1996)(holding award of attorney's fees in suit affecting the parent-child relationship is within the trial court's discretion). We review the trial court's award of attorney's fees under an abuse of discretion standard. *Bailey v. Rodriguez*, 351 S.W.3d 424, 426 (Tex.App.--El Paso 2011, no pet.). An abuse of discretion does not occur as long as some evidence of a substantive and probative character exists to support the trial court's decision. *Id.*

Diana's attorneys testified regarding their legal fees. Timothy Daniels represented Diana at trial and in a prior appeal.[1] Diana introduced into evidence an exhibit containing Daniels'

---

[1] In *Morales v. Morales*, 195 S.W.3d 188 (Tex.App.--San Antonio 2006, pet. denied), Diana appealed a summary judgment awarding Roland the sum of $10,000 in connection with his motion to enforce the divorce decree. The San Antonio Court of Appeals reversed because Diana's summary judgment evidence created a fact issue. *Id.* at 192-93.

statements for legal services performed in 2005 and 2006. Daniels testified that his legal fees of $27,968 were reasonable and necessary in Bexar County, Texas, for the work performed in the trial and appellate court. Karen Marvel began representing Diana in 2007 and that representation has continued through the appeal. She testified that her legal fees of $21,592.50 were reasonable and necessary in Bexar County, Texas, for the work performed in the trial court. Marvel also offered her opinion regarding reasonable and necessary conditional attorney's fees for an appeal. The testimony of Diana's attorneys is legally and factually sufficient to support the award of attorney's fees. Issue Six is overruled.

## DIANA'S CROSS-ISSUES

### Limitations

In Cross-Issue One, Diana claims that the trial court abused its discretion by granting Roland's motion to enforce and awarding him a $10,000 judgment against her. Roland does not address this issue in his reply brief. Diana contends that the evidence is factually insufficient to support the trial court's implied finding that Roland did not know Jonathan Rice was living with her until 2004. This issue is subject to the same standards of review set forth in our discussion of Roland's second through fifth issues.

Under the divorce decree, Diana was ordered to pay Roland the sum of $10,000 upon the occurrence of certain events, including if she remarried or if she had a male non-family member living with her. Jonathan Rice testified that he began living with Diana in 1996. The couple's oldest son told Roland in 1996 that Jonathan was living with them. The youngest son testified that whenever his father picked them up, he asked them questions about Jonathan and wanted to know why he was living there. Roland told his sons that he had run the plates on Jonathan's black car and it was stolen. Roland recalled having a conversation with his sons about a black

car and commenting that he would bet it was stolen, but he denied having any knowledge that Jonathan was living at the house with Diana.

We agree with Diana that Roland had two years to enforce his claim under Section 9.003(b) of the Family Code. *See* TEX.FAM.CODE ANN. § 9.003(b)(West 2006)(providing that a suit to enforce the division of future property not in existence at the time of the original decree must be filed before the second anniversary of the date the right to the property matures or accrues); *Morales v. Morales*, 195 S.W.3d 188, 191-92 (Tex.App.--San Antonio 2006, pet. denied); *Dechon v. Dechon*, 909 S.W.2d 950, 961-62 (Tex.App.--El Paso 1995, no writ). The issue is when the cause of action accrued. The undisputed evidence established that Jonathan began living with Diana in 1996. Accordingly, Roland's cause of action to enforce the division of future property accrued in 1996. *See* TEX.FAM.CODE ANN. § 9.003(b). Roland's motion to enforce filed in 2004 is barred by Section 9.003(b) of the Family Code. The trial court abused its discretion by granting Roland's motion to enforce. Diana's first cross-issue is sustained.

### Attorney's Fees

In her second cross-issue, Diana contends that Roland is not entitled to any attorney's fees as a matter of law. Diana objected to the testimony of Roland's attorney, Jeffrey Bernstein, on attorney's fees because he had failed to disclose the basis for his testimony by producing supporting documents in response to Diana's requests for disclosure regarding attorney's fees. Bernstein told the trial court that he did not have any itemized statements or bills with him and he was "just here to testify as to what my attorney's fees are." Bernstein added that he could not produce any documents for the attorney's fees at the hearing because he had not yet billed Roland. The trial court overruled the objection and permitted Bernstein to testify that his legal

- 12 -

fees of $10,000[2] were reasonable and necessary to prosecute Roland's motion for enforcement. In its order, the trial court awarded Roland $10,000 in attorney's fees.

A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, unless the court finds that (1) there was good cause for the failure to timely disclose or (2) the failure will not unfairly surprise or prejudice the other parties. TEX.R.CIV.P. 193.6(a). The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness. TEX.R.CIV.P. 193.6(b). While the trial court has discretion to determine whether a party has met its burden under this rule, a finding of good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record. *Id.*; *Texas Municipal League Intergovernmental Risk Pool v. Burns*, 209 S.W.3d 806, 817 (Tex.App.--Fort Worth 2006, no pet.).

Roland's reply brief does not address this cross-issue. The trial court heard the motions on June 18, 2009, July 27, 2009, August 27, 2009 and October 8, 2009. Bernstein testified about attorney's fees on August 27, 2009. The record does not support Bernstein's claim that he could not have produced any billing statements or documents related to his legal fees prior to August 27, 2009. Consequently, the record does not support a finding of good cause, lack of unfair surprise, or a lack of unfair prejudice. We find that the trial court abused its discretion by overruling Diana's objection to Bernstein's testimony on attorney's fees and sustain Diana's second cross-issue.

Having overruled Roland's issues and sustained both of Diana's cross-issues, we reverse the portions of the order awarding judgment against Diana and in favor of Roland in the amount

---

[2] Bernstein testified that legal fees of $6,000 had been billed prior to the hearing and he planned to bill Roland for an additional 20 hours at the rate of $200 per hour for work performed in connection with the hearing.

of $10,000 and awarding attorney's fees in the amount of $10,000 to Roland.  The remainder of the trial court's order is affirmed.

June 29, 2012 _____

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.