02-11-437-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00437-CV

 

 


 
 
 Fire
 Insurance Exchange
  
  
 v.
  
  
 Judy
 Kennedy
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 17th District Court
  
 of
 Tarrant County (17-224686-07)
  
 January
 31, 2013
  
 Opinion
 by Justice Walker
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

          It
is further ordered that appellant Fire Insurance Exchange shall pay all of the
costs of this appeal, for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Sue Walker

 

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00437-CV

 

 


 
 
 Fire Insurance Exchange
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Judy Kennedy
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 17th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          A
jury returned a verdict for Appellee Judy Kennedy on her claims against her
homeowner’s insurance carrier, Appellant Fire Insurance Exchange.  The trial
court entered judgment on the jury’s verdict and FIE perfected this appeal. 
For the reasons set forth below, we will affirm the trial court’s judgment.

II.  Factual and Procedural Background

          The
facts giving rise to Judy’s suit are as follows.  Judy testified that she awoke
very early on October 10, 2006, to discover water pouring from her ceiling; it
was running from a light can and an air conditioning vent.  She soon realized
that the water was coming from the upstairs bathroom of her home; when she made
her way upstairs, the water both downstairs and upstairs was over her feet. 
The water was dark brown.  Judy called her FIE agent and made a claim under her
policy with FIE, and she called a plumber.  The plumber put in a new commode,
and that remedied the leak.

Jennifer
Ramirez, the FIE adjuster assigned to Judy’s claim, called Judy later that
morning and told her that FIE would send someone out to extract the water.  Judy
suggested that a friend of hers was in the business and could do the water
extraction work; Jennifer declined and said Judy had to use FIE’s people.  Jennifer
said that FIE had a vendor and would send someone out.  FIE contacted a local
“emergency preferred vendor” of water mitigation services named ServiceMaster and
sent them to Judy’s home that day.

Judy
was not satisfied with FIE’s handling of her claim, and eventually she filed
suit against FIE; she alleged causes of action directly against FIE for its
conduct and also alleged that ServiceMaster was FIE’s apparent agent and that
FIE was liable for any negligence of ServiceMaster under the doctrine of
respondeat superior.  The case proceeded to a jury trial, and the jury found
for Judy and against FIE on Judy’s breach of contract claim, her DTPA claim,
and her breach of the duty of fair dealing claim.  The jury also made
attorneys’ fees findings for Judy.[2]  The jury found that
ServiceMaster was the apparent agent of FIE but that ServiceMaster was not
negligent.  After the trial court entered judgment on the jury’s verdict, FIE
brought this appeal, raising eleven issues.

III.  No Abuse of Discretion in Submission of Jury Questions 10 and 11

          FIE’s
second through fifth issues raise various challenges to the submission of
questions 10 and 11 in the court’s charge.[3]  Question 10 asked whether
ServiceMaster was the apparent agent of FIE.  The jury answered, “Yes.” 
Question 11 was conditioned on a “yes” answer to question 10 and asked whether
any negligence of ServiceMaster as apparent agent of FIE proximately caused the
occurrence in question.  The jury answered, “No.”  Accordingly, because the
jury answered “no” to question 11, it did not reach question 12, submitting
damages from any negligence of ServiceMaster.  FIE’s sixth issue complains that
FIE is somehow erroneously being held responsible for ServiceMaster’s
negligence.

          We
review a trial court’s submission of jury questions under an
abuse-of-discretion standard.  See Fin. Ins. Co. v. Ragsdale, 166 S.W.3d
922, 926 (Tex. App.––El Paso 2005, no pet.).  The trial court must submit a
requested question to the jury if the pleadings and any evidence support it.  Tex.
R. Civ. P. 278; Elbaor v.
Smith, 845 S.W.2d 240, 243 (Tex. 1992).

Judy
pleaded that ServiceMaster was FIE’s apparent agent and that ServiceMaster (and
FIE) were negligent.  The record before us contains some evidence supporting
the submission of question 10 asking whether ServiceMaster was FIE’s apparent
agent and some evidence supporting the submission of question 11 asking whether
ServiceMaster was negligent.[4]  Moreover, as pointed out
by Judy, even if submission of questions 10 and 11 could be considered erroneous,
any error was harmless because the jury answered question 11 in FIE’s favor,
finding that ServiceMaster was not negligent.  See, e.g., City of
Brownsville v. Alvarado, 897 S.W.2d 750, 752 (Tex. 1995) (“Submission of an
improper jury question can be harmless error if the jury’s answers to other
questions render the improper question immaterial.”); Boatland of Houston, Inc. v. Bailey, 609
S.W.2d 743, 750 (Tex. 1980) (holding that the potentially erroneous submission
of defensive theories was harmless error because the jury found for the
defendant on independent grounds and the complaining party failed to show how
it probably resulted in an improper verdict).  Because the pleadings and some
evidence supported submission of jury questions 10 and 11, we hold that the
trial court did not abuse its discretion by submitting them; and because, in
any event, any error in the submission of questions 10 and 11 was harmless in
light of the jury’s answer to question 11, we overrule FIE’s issues two through
five.

In its
sixth issue and in its reply brief, FIE argues that despite jury’s “no” answer to
question 11, asking whether ServiceMaster was negligent, the error in
submitting questions 10 and 11 cannot be considered harmless here.  FIE
contends that the jury could have “worked backwards” by erroneously utilizing
the definition of “occurrence in question” that was provided in conditionally-submitted
question 11 when it answered question 10.  According to FIE, the jury could
have substituted question 11’s definition of “occurrence in question” in place
of question 10’s use of the undefined phrase “occasion in question” to thereby
somehow attribute ServiceMaster’s conduct (even though the jury did not find
ServiceMaster negligent) to FIE in the preceding questions concerning FIE’s
liability.  But the jury was specifically instructed not to answer question 11
unless it had already answered question 10; unless the record demonstrates
otherwise, we must presume that the jury followed the instructions given in the
charge.  See Columbia Rio Grande Healthcare, L.P. v. Hawley, 284 S.W.3d
851, 861–62 (Tex. 2009).  There is nothing in the record supporting FIE’s
contention that the jury worked backwards—first deliberating on question 11,
which was conditionally submitted based on a prior “yes” answer to question 10;
then using a definition of a term in question 11 as a substitute for an
undefined, different term in question 10; and then somehow using its apparent
agency answer in question 10 to work backwards and answer other questions (contained
earlier in the charge prior to question 10) concerning FIE’s liability (even
though those questions asked specifically about FIE’s conduct) to erroneously
affirmatively answer the prior liability questions against FIE.  We overrule
FIE’s sixth issue.

IV. 
Covered Damages
Were Segregated
by Evidence,

by
Charge Instructions,
and by
Unchallenged Jury
Finding

 

In
its ninth issue, FIE argues that Judy “failed to segregate her covered damages
from her non-covered damages under the Doctrine of Concurrent Causation.”  In
its tenth issue, FIE argues that the trial court erred by denying FIE’s no-evidence
motion for summary judgment and its motion for directed verdict––both asserting
that no evidence existed that the damages or problems caused by ServiceMaster’s
substandard remediation efforts were covered damages under Judy’s homeowner’s
policy.

Under
the doctrine of concurrent causation, where covered and noncovered perils
combine to create a loss, the insured is entitled to recover only that portion
of the damage caused solely by the covered peril.  Travelers Indemnity Co. v. McKillip, 469
S.W.2d 160, 163 (Tex. 1971); Wallis
v. United Servs. Auto. Ass’n, 2 S.W.3d 300, 302–03 (Tex. App.—San Antonio
1999, pet. denied).  The doctrine of concurrent causation is not an affirmative
defense or an avoidance issue; rather, it is a rule embodying the basic
principle that insureds are not entitled to recover under their insurance
policies unless they prove their damage is covered by the policy.  Wallis, 2
S.W.3d at 303.

Although
FIE contends that Judy failed to segregate covered damages from uncovered
damages, question 2 of the court’s charge authorized the jury to award damages
only for a covered peril, and FIE fails to challenge on appeal the legal or
factual sufficiency of the evidence to support the jury’s finding in response to
question 2 that the repair costs to Judy’s residence was $42,000.  The jury was
instructed in connection with question 2 that “repair costs” “means reasonable
and necessary costs of repair to the residence, caused solely by a covered
peril, with material of like kind and quality, with proper deduction for
depreciation.”  [Emphasis added.]  Judy’s expert, Herschel Postert, who has
been employed as a multi-lines claims adjuster for twenty-four years, used a
software program called Xactimate that is used by FIE and other insurers to
estimate losses and calculated that the cost to repair Judy’s home from the
water damage was $51,930.  In closing argument, Judy’s attorney asked the jury
to deduct $4,800 from Postert’s $51,930 figure for mold damages included in
that total; the jury awarded $42,000.  Judy asked the jury to also award
$150,000 for the additional damages to her home resulting from the negligence
of ServiceMaster, but the jury declined to find ServiceMaster negligent.  Thus,
the jury specifically awarded $42,000 in damages to Judy as a result of damages
caused solely by a covered peril.  FIE does not challenge the legal or factual
sufficiency of the evidence to support the jury’s finding that $42,000 was the
cost to repair Judy’s home for damages caused by a covered peril.  And the
evidence, including Postert’s testimony, supports this finding.  Thus, this
unchallenged finding is binding upon us on appeal.  See, e.g., Bedford
v. Moore, 166 S.W.3d 454, 466 (Tex. App.—Fort Worth
2005, no pet.) (Cayce, C.J., concurring) (stating that an unchallenged jury finding is binding on appellants); Hotel Partners v. KPMG Peat Marwick, 847
S.W.2d 630, 632 (Tex. App.—Dallas 1993, writ denied) (same); see also McGalliard v. Kuhlmann, 722
S.W.2d 694, 696 (Tex. 1986) (unchallenged finding of fact is binding on
appellants).

We
overrule FIE’s ninth issue contending that Judy failed to segregate covered
damages from uncovered damages.  We overrule FIE’s tenth issue complaining of
the trial court’s failure to grant a no-evidence motion for summary judgment
and a directed verdict on this basis, to the extent FIE’s tenth issue presents
anything for our review.

V. 
Sufficient Evidence
Exists Supporting
Jury Finding

that
FIE Breached its
Contract with
Judy

 

In
its eighth issue, FIE asserts that the evidence is legally and factually
insufficient to support the jury’s finding that FIE failed to comply with the
insurance policy.  Judy’s homeowner’s insurance policy with FIE required FIE to
indemnify Judy for the losses caused by sudden and accidental discharge of
water.  Judy testified extensively concerning the damage to her home from the
sudden and accidental discharge of water from her upstairs toilet on October
10, 2006.  She explained that dark brown water “was pouring” through the
ceiling, from a light can and an air conditioner vent.  Using a diagram of her
home, Judy described the damage to the upstairs bathroom, to her office, to a
bedroom, and to the downstairs living room.  Judy testified concerning
furniture that was ruined because of the water discharge, specifically a desk
and a sectional couch.  She testified that her carpet was ruined.  Judy said
that immediately after the damage, she obtained an estimate from Carpet One for
the replacement of her carpet for $14,477.30.[5]  She testified that the
wallpaper was peeling off the wall in the bathroom where the leak occurred.  Judy
explained that in the rooms adjacent to the bathroom where the leak occurred,
she could see water soaked into the walls; “the sheetrock was soaking it up.”  When
asked how she knew that the water was soaking into the walls, Judy said that
she knew because her FIE adjuster had pointed it out to her.  Immediately after
the damage, Judy obtained an estimate to have the wallpaper and border in the
bathroom pulled down and to have new wallpaper installed, and the estimate, including
the cost of new wallpaper, was $3,000.[6]  Judy explained that her
FIE adjuster came to her home and saw all of this damage.  On
cross-examination, Judy identified buckling in her living room ceiling that “existed
at the time of the claim” and a large brown water stain on her ceiling.  In
response to Judy’s claim on her FIE homeowner’s policy, FIE paid ServiceMaster $1,299.46
to place fans and a dehumidifier in Judy’s home to dry out the carpet, to replace
portions of the carpet pad, and to put the same carpet back down.  FIE also
issued Judy several checks totaling about $1,000 for the remainder of the
damage to her home and personal property.

The
jury found in response to question 1 that FIE had failed to comply with the
insurance policy; the jury was instructed in question 1 that FIE “is not
required to pay for any damages that are not attributable solely to a peril
covered under its policy.”  We may sustain a legal sufficiency challenge only
when (1) the record discloses a complete absence of evidence of a vital
fact; (2) the court is barred by rules of law or of evidence from giving
weight to the only evidence offered to prove a vital fact; (3) the
evidence offered to prove a vital fact is no more than a mere scintilla; or
(4) the evidence establishes conclusively the opposite of a vital fact.  Uniroyal
Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998), cert.
denied, 526 U.S. 1040 (1999); Robert W. Calvert, “No Evidence” and
“Insufficient Evidence” Points of Error, 38 Tex. L. Rev. 361, 362–63
(1960).  In determining whether there is legally sufficient evidence to support
the finding under review, we must consider evidence favorable to the finding if
a reasonable factfinder could and disregard evidence contrary to the finding
unless a reasonable factfinder could not.  Cent. Ready Mix Concrete Co. v.
Islas, 228 S.W.3d 649, 651 (Tex. 2007); City of Keller v. Wilson,
168 S.W.3d 802, 807, 827 (Tex. 2005).  When reviewing an assertion that the
evidence is factually insufficient to support a finding, we set aside the
finding only if, after considering and weighing all of the evidence in the
record pertinent to that finding, we determine that the credible evidence
supporting the finding is so weak, or so contrary to the overwhelming weight of
all the evidence, that the answer should be set aside and a new trial ordered.  Pool
v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh’g); Cain
v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Garza v. Alviar, 395
S.W.2d 821, 823 (Tex. 1965).

Considering
the evidence favorable to the jury’s finding that FIE failed to comply with its
contract with Judy because a reasonable factfinder could and disregarding any
contrary evidence because a reasonable factfinder could, the evidence is
legally sufficient to support the jury’s finding that FIE breached its contract
with Judy.  And considering and weighing all evidence in the record, the
evidence that FIE breached its contract with Judy is not so weak or the
contrary evidence so overwhelming that the jury’s finding should be set aside,
so the evidence is factually sufficient to support the jury’s finding that FIE
breached its contract with Judy.  See, e.g., In re Universal
Underwriters of Tex. Ins. Co., 345 S.W.3d 404, 406 (Tex. 2011) (dealing
with insured’s suit against insurer for breach of contract by underpayment of
claim); State Farm Lloyds v. Fitzgerald, No. 03-99-00177-CV, 2000 WL 1125217,
at *5 (Tex. App.––Austin Aug. 10, 2000, no pet.) (not designated for
publication) (upholding jury verdict against insurer on homeowner’s policy
claim based on breach of contract by underpaying claim for costs of repair). 
We overrule FIE’s eighth issue.[7]

VI. 
FIE Waived Segregation
Objection; Sufficient
Evidence Exists
Supporting Jury’s
Verdict on
Judy’s Attorneys’
Fees

 

In
its eleventh issue, FIE claims that the evidence is legally or factually
insufficient to prove that Judy’s reasonable attorneys’ fees through the time
of trial were $129,320.  FIE’s sole challenges to the sufficiency of the
evidence are its contention that Judy failed to segregate her fees between fees
incurred in prosecuting Judy’s breach of contract claim, which are recoverable,
and fees incurred in prosecuting Judy’s extra-contractual claims, which are not
recoverable, and its contention that fees incurred in connection with a prior
trial in the case that ended in a mistrial are not recoverable.

Texas
law prohibits recovery of attorney's fees unless authorized by statute or
contract.  Tony Gullo Motors
I, L.P. v. Chapa, 212 S.W.3d 299, 310 (Tex. 2006).  If
any attorney’s fees relate solely to claims for which fees are not recoverable,
a claimant must segregate recoverable from unrecoverable fees.  Id. at 313.  “Intertwined
facts do not make tort fees recoverable; it is only when discrete legal
services advance both a recoverable and unrecoverable claim that they are so
intertwined that they need not be segregated.”  Id. at 313–14.  But, if no objection is made
to a failure to segregate attorney’s fees either at the time evidence of
attorney’s fees is presented or to the jury charge, the error is waived. Green Int’l, Inc. v. Solis, 951
S.W.2d 384, 389 (Tex. 1997); Hruska
v. First State Bank, 747 S.W.2d 783, 785 (Tex. 1988); Morales v.
Rice, No. 08-10-00318-CV, 2012 WL 2499004, at *6 (Tex. App.––El Paso June
29, 2012, no pet. h.); Wagner v. Edlund, 229 S.W.3d 870, 875 (Tex. App.––Dallas
2007, pet. denied); Cullins v. Foster, 171 S.W.3d 521, 535–36 (Tex.
App.––Houston [14th Dist.] 2005, pet. denied); see also Ogden v. Ryals,
No. 14-10-01052-CV, 2012 WL 3016856, at *4 (Tex. App.––Houston [14th Dist.]
July 24, 2012, no pet.) (mem. op.).

FIE
did not object to Judy’s expert testimony on attorneys’ fees.  FIE did not
object to question 9, the attorneys’ fees question, which did not require the
jury to segregate fees.  FIE did not object to the admission of Judy’s exhibit
showing the tasks performed and the time spent by her attorneys in prosecuting
her case against FIE.  And FIE did not raise the segregation issue in any
postverdict motion.  Because FIE failed to raise its segregation complaint in
any way in the trial court, it has waived its segregation complaint on appeal. 
See, e.g., Green Int’l, Inc., 951 S.W.2d at 389; Hruska,
747 S.W.2d at 785; Morales, 2012 WL 2499004, at *6; see also Tex. R. App. P. 33.1(a)(1)(A) (requiring party, to
preserve a complaint for appellate review, to present to the trial court a
timely request, objection, or motion “with sufficient specificity to make the
trial court aware of the complaint, unless the specific grounds were apparent
from the context”).

FIE
cites no authority for the proposition that the attorneys’ fees Judy incurred
in this case as a result of the first trial that ended in a mistrial are not
recoverable.  The law appears to be to the contrary.  See Keller Indus.,
Inc. v. Reeves, 656 S.W.2d 221, 228 (Tex. App.––Austin 1983, writ ref’d
n.r.e.) (rejecting the appellant’s argument that the trial court erred by
awarding attorneys’ fees “for work done preparatory to and during a mistrial
preceding the trial of this cause which is now on appeal”).  And, again, FIE
failed to raise any complaint in the trial court that the jury should not consider
the fees Judy incurred when the first trial of this case ended in a mistrial.  See
Tex. R. App. P. 33.1(a)(1)(A).  Thus, we hold
that FIE waived this complaint on appeal.  

We
overrule FIE’s eleventh issue.

VII.  Conclusion

Having
overruled FIE’s second through eleventh issues and having determined that we need
not address FIE’s first issue, we affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
DAUPHINOT, WALKER, and MEIER, JJ.

 

DELIVERED:  January 31, 2013


  










  









 

















 



 









[1]See Tex. R. App. P. 47.4.





[2]A copy of the jury’s verdict is attached
hereto as Appendix A.





[3]FIE’s first issue complains that “[t]here is no evidence, or
insufficient evidence, that non-party ServiceMaster
was Appellant’s apparent agent” as the jury found in question 10.  But the jury
found in question 11 that ServiceMaster was not negligent, so––as discussed
later in this memorandum opinion––the judgment against
FIE does not impose any liability on FIE as a result of the jury’s apparent
agency finding.  Because the jury’s answer to question 10, even if not
supported by legally and factually sufficient evidence, did not, in light of
its “no” answer to question 11, cause rendition of an improper judgment, we
need not address FIE’s first issue.  See Tex. R. App. P. 47.1 (requiring
appellate court to address only issues necessary to final disposition of an
appeal). 





[4]For example, Judy testified that FIE sent ServiceMaster to her
home; that FIE told her she had to use ServiceMaster;
and that ServiceMaster reported directly to FIE not to her.  Judy’s FIE claims
adjuster, Jennifer Ramirez, testified  that she called ServiceMaster within an hour of receiving Judy’s claim; that she was taught in training to
call ServiceMaster; that she has never called any other company; that
ServiceMaster was an emergency preferred vendor (EPV) for FIE; that FIE has employees who work as EPV coordinators and
communicate with the EPVs; and that EPVs submit estimates to the FIE EPV
coordinators who either approve or disapprove them.  





[5]Judy forwarded this estimate to FIE and it was in FIE’s claims
file.





[6]Judy forwarded this estimate to FIE and it was in FIE’s claims
file.





[7]In light of our disposition of FIE’s eighth and ninth issues, we
need not separately address FIE’s seventh issue, asserting that “[t]he trial
court erred in entering a judgment against [FIE], because the insurance policy
does not cover damages arising out of a service vendor’s failure to perform its
contractual duties.”  That is, as set forth above in connection with FIE’s
eighth issue, judgment was entered against FIE on the jury’s legally and
factually sufficient finding that FIE breached its contract with Judy;
the judgment against FIE was not based on any breach of contract by
ServiceMaster, and as set forth in connection with FIE’s ninth issue, the
damages awarded by the jury do not include any damages for an uncovered peril. 
Thus, our disposition of FIE’s eighth and ninth issues likewise dispose of
FIE’s seventh issue.  We overrule FIE’s seventh issue.