

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-11-00887-CV

Yevgenia **SHOCKOME**,
Appellant

v.

Timothy **SHOCKOME**,
Appellee

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 09-02-00030-CVK
Honorable Fred Shannon, Judge Presiding[1]

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Karen Angelini, Justice
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  July 24, 2013

AFFIRMED

In the underlying cause, numerous motions have been filed by both parties—appellee

Timothy Shockome and appellant Yevgenia Shockome—pertaining to the child support and child

custody obligations arising out of a 2006 Amended Judgment of Divorce.  The 2006 judgment was

entered by a New York court but was registered in Texas pursuant to a motion filed by Yevgenia.

---

[1] This court has jurisdiction to consider the challenges made in this appeal as to two orders.  The first order, relating to unreimbursed health insurance premiums and health care expenses, was signed by the Honorable Fred Shannon on October 21, 2011.  The second order, relating to a motion to recuse, was signed by the Honorable Pat Priest on February 14, 2012.

In this appeal, Yevgenia challenges various orders entered by the trial court; however, two appellate concepts constrain our consideration of several issues raised by Yevgenia in her brief, namely, jurisdiction and preservation of error.

## BACKGROUND

As previously noted, both parties have filed numerous motions in the underlying cause seeking to enforce or modify the provisions in the New York divorce decree pertaining to child support and child custody. After a hearing on May 27, 2011, the trial court signed an order on October 21, 2011, enforcing the provisions in the divorce decree ordering Yevgenia to pay a percentage of the children's health insurance premiums and health care expenses not covered by health insurance. The trial court also signed temporary orders relating to child support and child custody on July 3, 2011. Finally, on January 3, 2012, Yevgenia filed a motion to recuse the trial judge who was specially appointed to preside over the underlying cause. The motion was referred by the presiding administrative judge to the Honorable Pat Priest, who conducted a hearing and signed an order denying the motion on February 14, 2012.

## JURISDICTION AND PRESERVATION OF ERROR

Yevgenia's brief contains various complaints about the trial court's actions in modifying child support and child custody; however, those actions pertain to the temporary orders signed by the trial court on July 3, 2011. This court does not have jurisdiction to consider any issues raised by Yevgenia relating to the temporary orders. *See* TEX. FAM. CODE ANN. § 105.001(e) (West 2008) ("Temporary orders rendered under this section are not subject to interlocutory appeal."). Accordingly, those issues are dismissed for lack of jurisdiction. This opinion does not preclude Yevgenia from challenging the trial court's rulings after final orders are entered.

In general, a party must preserve any complaints for appellate review by (1) making the complaint known to the trial judge by a timely request, objection, or motion stating the grounds

for the ruling; and (2) obtaining a ruling. *See* TEX. R. APP. P. 33.1; *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 234 (Tex. 2011). In this appeal, Yevgenia raises numerous issues in her brief that were not preserved for our review.

After reviewing and analyzing Yevgenia's brief in light of these two appellate concepts, this court will limit its consideration to the following issues raised in Yevgenia's brief: (1) whether the trial court erred in enforcing a New York divorce decree that was entered in violation of a bankruptcy court's automatic stay; (2) whether Yevgenia received proper notice of the May 27, 2011 hearing; (3) whether the trial court erred in ordering the reimbursement of health care insurance premiums and expenses that were paid after the date of the motion to enforce but prior to the hearing; (4) whether the evidence is sufficient to support the trial court's order; and (5) whether the trial court erred in denying Yevgenia's motion to recuse.

## ENFORCEABILITY OF NEW YORK DIVORCE DECREE

Yevgenia contends on appeal that the amended divorce decree was entered by the New York court in violation of a bankruptcy court's automatic stay; therefore, the provisions contained in the decree relating to children's health insurance premiums and health care expenses could not be enforced by the trial court. As previously noted, however, Yevgenia moved for the New York divorce decree to be registered in this state pursuant to section 152.305 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 152.305 (West 2008). Section 152.305 contains prerequisites to a party contesting the validity of a registered order, including deadlines for notice and the filing of a contest. *See id.* Section 152.305(f) states, "Confirmation of a registered order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration." *Id.* § 152.305(f). As the movant for registration, Yevgenia did not contest the validity of the New York divorce decree on any grounds. Accordingly, she is precluded from contesting the order in this appeal.

**NOTICE OF HEARING**

Yevgenia contends the trial court erred in proceeding with the hearing on May 27, 2011, because she was not personally served with notice of the setting. The record reflects, however, that Yevgenia was personally served with notice of a hearing set for August 31, 2010, on all pending motions, including the motion to enforce pertaining to the health insurance premiums and health care expenses. Yevgenia personally appeared at the hearing, but her attorney objected to proceeding on the motion to enforce because Yevgenia was personally served with that motion only one day before the date of the hearing. *See* TEX. FAM. CODE ANN. § 157.062(c) (West 2008) (requiring respondent to be personally served with a copy of a motion to enforce "not later than the tenth day before the date of the hearing"). After the trial court heard evidence and entered a temporary order reducing the amount of child support Yevgenia was required to pay, the trial court reserved the issues relating to the motion to enforce for a subsequent hearing.

Yevgenia contends that she was entitled to personal service of the subsequent setting pursuant to Texas Family Code section 157.062. Yevgenia's contention ignores the effect of her personal appearance at the initial setting for which she was personally served with notice. The only objection Yevgenia made at the initial setting was that she was provided with less than ten days' notice of the hearing. Accordingly, the trial court reserved the issues relating to the motion to enforce for a subsequent hearing. Notice of the subsequent setting was thereafter governed by Rule 245 of the Texas Rules of Civil Procedure, which requires only reasonable notice to the parties. *See* TEX. R. CIV. P. 245; *Knight v. Knight*, 131 S.W.3d 535, 542 (Tex. App.—El Paso 2004, no pet.). In this case, the record reflects that Yevgenia's attorney was provided with reasonable notice and agreed to the reset date. Notice to Yevgenia's attorney and his agreement to the reset date was reasonable notice as required by the rules. *See* TEX. R. CIV. P. 245; *Knight*, 131 S.W.3d at 542.

## POST-MOTION PREMIUMS AND EXPENSES

Yevgenia contends the trial court erred in failing to limit its enforcement order to her failure to pay her portion of the health insurance premiums and health care expenses specifically listed in the motion. Section 157.002(e) of the Texas Family Code provides, "The movant may allege repeated past violations of the order and that future violations of a similar nature may occur before the date of the hearing." TEX. FAM. CODE ANN. § 157.002(e) (West 2008). In accordance with section 157.002(e), the motion for enforcement filed by Timothy in the underlying cause stated that he believed Yevgenia would continue to fail to comply with the order based on her past violations and requested relief for each failure from the date the motion was filed until the date of the hearing. These allegations provided Yevgenia with sufficient notice of Timothy's intention to enforce her failure to pay health insurance premiums and her failure to reimburse health care expenses which accrued between the date of the motion and the date of the hearing. *See Ex parte Occhipenti*, 796 S.W.2d 805, 810 (Tex. App.—Houston [1st Dist.] 1990, no writ).

## SUFFICIENCY OF THE EVIDENCE

Yevgenia asserts the evidence is insufficient to support various findings underlying the trial court's order. "We review the trial court's ruling on a post-divorce motion for enforcement of a divorce decree under an abuse-of-discretion standard." *Morales v. Rice*, 388 S.W.3d 376, 381 (Tex. App.—El Paso 2012, no pet.); *In re T.J.L.*, 97 S.W.3d 257, 265 (Tex. App.—Houston [14th Dist.] 2002, no pet.). "In determining whether the trial court abused its discretion, we engage in a two-pronged analysis: (1) did the trial court have sufficient information upon which to exercise its discretion; and (2) did the trial court err in its application of discretion?" *Morales*, 388 S.W.3d at 381. "The traditional sufficiency standards apply to the first question." *Id*.

With regard to Yevgenia's ability to pay, the trial court heard evidence of Yevgenia's finances at its initial hearing, which included a pay stub reflecting Yevgenia's earnings. With

regard to the amount of health insurance premiums and unreimbursed health care expenses, Yevgenia contends the copies of the actual medical bills were not introduced into evidence. The record, however, contains Timothy's pay stub, establishing the amount he paid for the children's health insurance. The record also contains Timothy's testimony summarizing the payments he made for the children's health care expenses. This is sufficient evidence to support the trial court's findings with regard to the arrearage amount. *See In re M.P.M.*, 161 S.W.3d 650, 660 (Tex. App.—San Antonio 2005, no pet.) (noting evidence as to which medical expenses were not covered by health insurance could be shown through testimony or other evidence); *In re J.C.K.*, 143 S.W.3d 131, 142–43 (Tex. App.—Waco 2004, no pet.) (concluding that the mother's testimony regarding health care expenses she incurred was sufficient evidence to support award of those expenses). With regard to the award of attorney's fees, the testimony by Timothy's attorney is sufficient to support that award. *See Garcia v. Gomez*, 319 S.W.3d 638, 641 (Tex. 2010).

Yevgenia also contends the trial court erred in ordering her to pay the health insurance premiums and health care expenses as child support because New York law excuses the payment of child support for any period of time a parent is deprived of his or her custody or visitation rights. In his motion, however, Timothy sought reimbursement only for expenses incurred in and after July of 2009. In April of 2009, the trial court in Texas already had entered temporary orders governing visitation, and New York law would not apply to those temporary orders.

### MOTION TO RECUSE

A trial court's order denying a motion to recuse is reviewed under an abuse of discretion standard. *Nairn v. Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 250 (Tex. App.—El Paso 2012, no pet.). "We consider the totality of the evidence and information presented at the recusal hearing to see if the record reveals sufficient evidence to support the conclusion that the trial judge was unbiased." *Id*. The record in this case does not contain a reporter's record from the hearing on

Yevgenia's motion to recuse. In the absence of such a record, we cannot review the order denying the motion to recuse for abuse of discretion, and nothing is presented for review. *See Parker v. Textron Fin. Corp.*, No. 04-12-00564-CV, 2013 WL 979208, at *1 (Tex. App.—San Antonio Mar. 13, 2013, no pet.) (mem. op.); *Birnbaum v. Law Offices of G. David Westfall, P.C.*, 120 S.W.3d 470, 476 (Tex. App.—Dallas 2003, pet. denied).

## CONCLUSION

The trial court's orders signed October 21, 2011, and February 14, 2012, are affirmed.

Patricia O. Alvarez, Justice